COMMONWEALTH *vs.* MICHAEL O'BRIEN & others.

Whether a conspiracy to commit a felony is merged in the felony, if completed, so that it cannot be punished as a distinct offence, as was held in *Commonwealth* v. *Kingsbury*, 5 Mass. 106, *quære*.

An indictment alleged that A., B., and C., intending maliciously to deprive D of his good name, and subject him to punishment for adultery, and to extort from him money, did maliciously conspire to insnare and falsely charge and accuse him of said crime, and thereby to extort money from him, and in pursuance of said conspiracy, that C. did entice him to her house on a certain day, and that A. and B., on a subsequent day, and on divers days and times, did maliciously threaten to accuse him of the crime of adultery with the said C. with intent then and there fraudulently to extort money from him, and in further pursuance of said conspiracy, said A. and B. did maliciously threaten to injure the name of said D. and begin a prosecution against him for said crime, with intent by such threats to extort money from him, &c."

*Held*, that the indictment was not bad for the alleged reason that it set forth an executed conspiracy to commit a felony, and so the misdemeanor merged in the felony; nor because it was double, vague, uncertain, and contradictory; nor because it did not set forth the offence with sufficient certainty or precision.

THE defendants were convicted generally at the last February term of the municipal court, upon an indictment contain-

---

ing two counts, the first of which was not insisted upon, and the second count was as follows :

That Michael O'Brien, William Clark, and Jane Harper, all of said Boston, on the seventh day of January, in the year of our Lord eighteen hundred and fifty-three, at Boston aforesaid, being evil disposed persons, devising and intending unjustly, fraudulently, and maliciously to deprive the said Samuel Bigelow of his good name and character, and to subject him without any just cause to the punishment by law prescribed for the crime of fornication and adultery, and to extort from him, the said Bigelow, money ; to wit, the sum of one thousand dollars, did falsely, unlawfully, wickedly and maliciously, combine, conspire, confederate, and agree together, to entrap, seduce, and insnare, and falsely to charge and accuse him, the said Bigelow, of the crime of adultery, and thereby, by the means aforesaid, to extort from him, the said Bigelow, money; to wit, the sum of one thousand dollars, and in pursuance of said agreement, conspiracy, combination, and con federacy, she, the said Jane Harper, did invite, entice, allure, and attempt to seduce the said Bigelow to visit her at the house of said O'Brien and Clark, being the house in the rear of the house numbered fifteen in Bedford Street, in said Boston, on said seventh day of January, in the evening of that day, and in further pursuance of said unlawful and fraudulent conspiracy, combination, and confederacy, they, the said Michael O'Brien and William Clark, at Boston aforesaid, on the fifteenth day of January, in the year of our Lord eighteen hundred and fifty-three, and on divers other days, did maliciously threaten to accuse him, the said Bigelow, of the crime of fornication and adultery with the said Jane Harper, he, the said Bigelow, then and there being a married man and having a lawful wife alive, to wit, one Mary Ann Bigelow, with intent then and there unjustly, fraudulently, and unlawfully to obtain and extort from the said Bigelow, by the means aforesaid and thereby, his money and property, to wit, the sum of one thousand dollars, for compounding and settling for the said pretended crime of adultery ; and in further pursuance of said unlawful and fraudulent conspiracy, combina-

tion, and confederacy, they, the said O'Brien and Clark, on the day last aforesaid, at Boston aforesaid, did unjustly and maliciously threaten to injure the name and reputation of the said Bigelow, and to begin a prosecution against said Bigelow for the said pretended crime of adultery and fornication with said Jane Harper, with intent, by such unjust and malicious threats, to extort money from the said Bigelow, against the law, peace, and dignity of this commonwealth.

After verdict, the defendants moved in arrest of judgment for the following reasons:

" 1. The first count in the indictment sets out no offence; and is also defective and insufficient, is vague and uncertain, and for these reasons is void.

" 2. The second count is bad, because it sets forth an executed conspiracy to commit a felony, and the misdemeanor is merged in the felony.

" 3. And because it is double, vague, uncertain, and contradictory, and does not set out the offence with sufficient certainty and precision." *Hoar*, J., overruled the motion, and the defendants excepted to the ruling.

*S. D. Parker*, for the defendants. The second count alleges a conspiracy, 1st. To entrap, seduce, and insnare the prosecutor, which is no offence by statute or common law.

2d. Falsely and maliciously to charge and accuse him of a crime, and thereby extort money from him, which is a statute felony; and in pursuance of the conspiracy, they did, on the fifteenth day of January, and on divers other days and times, maliciously threaten to accuse him of the crime of fornication and adultery, to extort money thereby. Each threat, on a different day, with a view to extort money, being a distinct and separate offence and felony under the 125th chapter of the revised statutes in section 17, taken in connection with the act of 1852, *c.* 37, defining felony. The second count is contradictory, as if the prosecutor was seduced to commit the crime, the accusation would not be false, and it is alleged they conspired to seduce him to commit the crime. It is vague and uncertain, because it alleges " and by other unlawful ways and means," without describing them, and

does not mention on what other days and times the said threats were made.

3d. Because the said indictment is in other respects insufficient and void.

In support of the foregoing objections, the counsel referred to *Commonwealth* v. *Hunt*, 4 Met. 111; *Commonwealth* v. *Eastman*, 1 Cush. 224; *Commonwealth* v. *Kingsbury*, 5 Mass. 105; *State* v. *Nelson*, 8 New Hamp. 163; *State* v. *Moore*, 12 New Hamp. 44; *Lambert* v. *The People*, 9 Cowen, 578; Rev. Sts. c. 125, § 17; *St.* of 1852, c. 37.

*R. Choate*, (attorney-general,) for the commonwealth. The second count is good. 1. The charge is single. It is of a conspiracy to extort money by entrapping into an equivocal position, and by falsely accusing of crime.

2. The threats, the enticement, &c., are the means to execute the conspiracy; and informality in this part of the count is not a ground to arrest judgment. *Commonwealth* v. *Davis*, 9 Mass. 415; *Commonwealth* v. *Eastman*, 1 Cush. 223; *Commonwealth* v. *Tibbetts*, 2 Mass. 536; *Commonwealth* v. *Judd*, 2 Mass. 329.

3. Duplicity, if it exists, is not a ground to arrest judgment. *Commonwealth* v. *Tuck*, 20 Pick. 356.

4. There is no merger of the conspiracy in the threats.

1. The case of merger of conspiracy occurs only where the ultimate and chief end of the combination is attained, which is here the obtaining of the money, and which is here not attained. The "making threats" is not the ultimate and chief end of the conspiracy, but one of its means, and in the using of means there is no merger.

2. Unless all the conspirators unite in the act which is supposed to work the merger, there is no merger; and here no threats are imputed to Jane Harper.

3. But the conspiracy and the threatening are offences of the same degree, and here there is no merger. *State* v. *Murray*, 3 Shepl. 103; *People* v. *Mather*, 4 Wend. 261. The offence of using threats to extort money is either no felony under the *St.* of 1852, c. 37, or conspiracy is felony under the same. Rev. Sts. c. 125, § 17, does not make the offence

felony. If it becomes such, it is by *St.* of 1852, *c.* 37. But if that statute makes an offence felony, merely because the court, in their discretion, may sentence to the state prison, it makes the conspiracy a felony by equal reason, since for the conspiracy the same sentence may be awarded. Rev. Sts. *c.* 139, § 1 ; *Commonwealth* v. *Hunt,* 4 Met. 121–123.

SHAW, C. J. This is an indictment against Michael O'Brien, William Clarke, and Jane Harper, for a conspiracy. After a conviction of the three defendants, the case comes before this court upon a motion in arrest of judgment

Several causes for an arrest of judgment are stated, of which the principal one is this, namely, because the second count sets forth an executed conspiracy to commit a felony, and thus the misdemeanor is merged in the felony ; and because it is double, vague, uncertain, and contradictory, and does not set out the offence with sufficient certainty and precision. The argument is, that by Rev. Sts. *c.* 125, § 17, it is made a substantive offence, if any person shall, either verbally, or by any written or printed communication, maliciously threaten to accuse another of crime, with an intent thereby to extort money ; which offence may be punishable in the state prison not more than two years ; that by *St.* 1852, *c.* 37, defining felony, such offence of threatening, &c., being punishable in the state prison, is a statute felony ; and, therefore, when it is charged, after an allegation of the conspiracy, that two of the defendants, pursuant to the conspiracy, did threaten, &c., it in effect charges that the thing conspired to be done was done, and when done was a felony, and so the conspiracy was merged, under the authority of *Commonwealth* v. *Kingsbury,* 5 Mass. 106. Supposing the last case is good law, which it is unnecessary here to consider, several questions of law must be decided before this case can be brought within it; as, whether the offence, which the three defendants are alleged to have conspired together to commit, is the same offence which it is alleged they did commit; whether the offence of threatening to accuse one of crime, in order to extort money, is made felony by the statute ; or, if it is, whether conspiracy is not also made felony, by force of the

same statute ; because it is not contended that a conspiracy
to commit a misdemeanor will be merged in the commission
of the misdemeanor, or the conspiracy to commit a felony
be merged in the felony, if committed.   In order to see
whether any such principle of merger can apply, it will be
necessary to look carefully to the indictment to see whether
it is charged that the offence which they conspired to com-
mit was actually committed.   We take the second count, the
first not being relied on.   The case of conspiracy is peculiar,
and the rules of pleading adapted to it must, of course, con-
form.   These rules, and the principles on which they rest, are
stated in the recent case of *Commonwealth* v. *Hunt,* 4 Met.
111, and we would especially refer to the statement of them
on page 125.   It being an established rule, that the offence
is consummate and complete by the unlawful combination, it
is unnecessary to allege that such purpose was accomplished
and carried into effect ; or if it is so alleged, it is unnecessary
to prove it.   But the purpose to be accomplished must be
distinctly stated, with as much certainty as practicable, so
that it may appear to be unlawful.   So, if the charge be of
an unlawful combination to accomplish some purpose not in
itself unlawful, the unlawful means, by which it is to be
accomplished, must be set out with the same degree of cer-
tainty, that being the gist of the offence.

With a view to these rules, we are to consider this indict-
ment.   It charges a conspiracy entered into by two men and
a woman.   It avers that said O'Brien, Clarke, and Jane Har-
per, at, &c., on, &c., intending fraudulently and maliciously to
deprive said Bigelow of his good name and character, and to
subject him, without any cause, to punishment for the crime
of adultery, and to extort from him money, to the amount of
$1,000, &c.   Thus far it is merely preliminary, and these are
not traversable averments, but intended merely to give char-
acter and effect to the unlawful conspiracy, which it goes on to
state as follows : " did falsely, unlawfully, wickedly and ma-
liciously combine, conspire, confederate, and agree together to
entrap, seduce, and insnare, and falsely charge and accuse
him, said Bigelow, of the crime of adultery, and thereby and

by the means aforesaid to extort," &c. This is the charge of crime to be met and traversed. It is clearly the charge of a conspiracy to accomplish an unlawful purpose, to extort money by false charges and representations. Taking the introductory statement of intent, the averment of combination, what is its natural import? Even taking the preliminary intent stated, namely, to defame him and expose him to punishment, these are not set forth as the ultimate object and purpose of the conspiracy, but only as subordinate and conducive to the intent subsequently added in the same statement, to extort money, to wit, $1,000. Taking it with the traversable allegation which follows, it seems clear it was intended as a conspiracy, not actually to complain of the party to the grand jury, and thus subject him to infamy and punishment as an end, but to entrap him into an equivocal situation, which would give color to such an accusation, and then threaten to charge and impute the offence under such circumstances as to lead him to believe that, by means of such false testimony, aided by the colorable circumstances, he might be exposed to such infamy and punishment, and thus induce him to pay money to purchase his escape from such accusation. Take the natural meaning of the word "extort;" it is to obtain money or other valuable thing either by compulsion, by actual force, or by the force of motives applied to the will, and often more overpowering and irresistible than physical force. What the grand jury have charged, and what the traverse jury have found true, is, that these defendants conspired to seduce and entrap said Bigelow, and then falsely charge and accuse him of the crime of adultery. The term "charge and accuse" thus used, and in this connection, does not mean actually charge before a grand jury or magistrate, but to impute to him these offences falsely, as a means of inducing him to pay money to avoid such actual prosecution.

The indictment then proceeds to set forth what acts were done by means of this conspiracy of the three defendants, and the averment that a part of the acts constituting these means were done by the woman, and part by the men, is wholly consistent with the charge of one joint combination. It alleges

that, in pursuance of the conspiracy, the said Jane Harper did entice, allure, and attempt to seduce said Bigelow to visit her, at the house of said O'Brien and Clarke, described, &c., on the evening of said day ; and, in further pursuance of said conspiracy, the said O'Brien and Clarke, on, &c., did maliciously threaten and accuse him, said Bigelow, of the crime of adultery with said Jane Harper, he being a married man, with an intent unjustly and fraudulently to obtain and extort money. We think the words " threaten and accuse," in this sentence, are used in the same sense in which the words " charge and accuse " are used in alleging the conspiracy entered into by the three. The means were not set out in the charge of conspiracy, nor was it necessary that they should be. The facts averred, as the means used, are entirely consistent with such joint conspiracy, to wit, that the woman should entice and allure, and that the men should " charge and accuse." Now it is a well established rule of criminal law, that when an unlawful conspiracy is entered into, all the acts done, by any of the conspirators, pursuant to the unlawful combination, though done separately and apart, each performing and carrying out his part of the plan, are in law the acts of all, and all are responsible for all such acts. Applying this rule, the act of enticing and alluring, though done by Jane Harper, as the part assigned to her in the unlawful combination, was the act of the three; and so the act of accusing, by the two men, was, in legal contemplation, the act of the three. Thus used, and this being the true construction to be put upon the indictment, this allegation that O'Brien and Clarke did threaten falsely to accuse said Bigelow of the crime of adultery, to extort money, is not a substantive charge against the two of a distinct offence, but only the averment of means by which, in connection with the acts done by the woman, — all conducing to one and the same end, to accomplish which was the purpose of the unlawful combination, — the three conspirators sought to extort and obtain the money of the prosecutor. We think the conspiracy is charged with clearness and certainty ; that it charges a conspiracy to accomplish an unlawful purpose ,

and there is nothing in the subsequent part of the indict-ment inconsistent with it.

These views, we think, afford an answer to the other causes stated in the motion in arrest of judgment, to wit, that the in-dictment is double, vague, and uncertain. It assumes that the indictment charges distinct offences, whereas it alleges first a conspiracy, then various acts done in pursuance of it, all conducing to establish one and the same charge of con-spiracy.

Another cause is, that the indictment charges that they did, on divers days and times, threaten and accuse, &c., for the purpose of extorting money, which is a distinct statute offence. This is not correct; it alleges that two of them, pursuant to the conspiracy, did, on divers days and times, threaten to ac-cuse him of that same offence, with a view to accomplish the unlawful purpose which the three had, on a day specially alleged, conspired to accomplish.

Another ground is, that the indictment is contradictory, be-cause it alleges that they conspired to induce him to commit the crime, and so the charge of committing it would not have been false. But it is not so averred in the charge of conspir-acy. They agreed that the prosecutor should be allured and enticed, and placed in a situation which should give color to the charge, not that he should be actually induced to commit the crime.

None of the causes assigned are sufficient to warrant an arrest of judgment; and the court are of opinion that the motion in arrest of judgment be overruled, and that judg-ment be rendered on the second count.

*Motion in arrest of judgment overruled.*