NEW YORK,
May, 1827.

Lambert
v.
The People.

An indict-
ment lies for a
conspiracy, to
defraud an in-
dividual of his
property.

Form of the
indictment.

It may be in
very general
terms, as to a
description of
the offence, its
object, and the
persons con-
cerned.

A judgment
of record in the
oyer and ter-
miner, on an
indictment
transmitted
there from the
sessions, ad-
judged good
upon various
exceptions of
form.

Semble, that
no rule or or-
der need be
entered in the
sessions, to
send up the in-
dictment.

H. B. LAMBERT *against* THE PEOPLE.(a)

On errror from the court of oyer and terminer of the city of New York, that court returned a record in these words:

*City and County of New York*, ss:

Be it remembered, that on the 1st Monday of August, A. D., 1826, at a court of general sessions of the peace, holden at the city hall of the city of New York, in and for the city and county of New York, before Richard Riker, recorder of the city of New York, and Campbell P. White and John Agnew, two of the aldermen of the said city, and others, their associates, justices of the people of the state of New York, assigned to keep the peace of the said city and county of New York, and also to inquire, by the oath of good and lawful men of the said city and county of New York, of all and all manner of felonies, misdemeanors, thefts, frauds, &c., whatsoever, and of all and singular other crimes and offences, of which the said court may or ought lawfully to inquire by whomsoever, and after what manner soever, in the said city and county, done and perpetrated, or which shall happen to be there done or attempted; and also to hear and determine divers felonies, and other crimes and offences in the said city and county, done and committed, upon the oath of twelve jurors, good and lawful men of the city and county of New York, and there sworn and charged to inquire for the people of the state of New York, and the body of the said city and county of New York, it was presented as follows, that is to say:

[*167]

Indictment.

*City and County of New York*, ss:

The jurors of the people of the state of New York, in and for the body of the city and county of New York, upon their oath, present, that John I. Lambert, late of the first ward of the city of New York, in the county of New York, aforesaid, broker, Samuel F. Lambert, &c., and Hen-

(a) Ante, 103, S. C.

ry B. Lambert, &c., &c., and divers other persons, to the jurors unknown, on the 1st day of May, A. D., 1827, at the first ward of the city of New York, in the county of New York, aforesaid, being persons of ill-fame, name and dishonest conversation, and wickedly devising and intending, unjustly, unlawfully, and by indirect means, to cheat and defraud "The Sun Fire Insurance Company," and divers other persons to the jurors unknown, of their goods, chattels and effects, on the said 1st day of May, A. D., 1826, with force and arms, at the city, county, and ward aforesaid, fraudulently, maliciously and unlawfully, did conspire, combine, confederate and agree, between and among themselves, wrongfully, injuriously and unjustly, by wrongful and indirect means, to cheat and defraud the said "The Sun Fire Insurance company," and divers other persons to the jurors unknown, of their goods and chattels, and effects, of and belonging to the said, "The Sun Fire Insurance Company," and divers other persons to the jurors unknown; and that in execution of the said last mentioned premises, and in pursuance of the said conspiracy, combination and agreement, made between and among them as aforesaid, the said John I. Lambert, &c., and divers other persons, &c., afterwards to wit, on &c., with force and arms, at the city, county and ward aforesaid, by certain undue, indirect and unlawful means, in that behalf, fraudulently, maliciously and unlawfully, did cheat and defraud the said "The Sun Fire Insurance Company," and divers other persons to the jurors unknown, of their goods, chattels and effects; that is to say, 50 promissory notes, for the payment of 1000 dollars each, and of the value of 1000 dollars each; 50 orders for the payment of 1000 dollars each, and of the value of 1000 dollars each; 50 bonds to secure the payment of 5000 *dollars each, and of the value of 5000 dollars each; 50 mortgages, to secure the payment of 5000 dollars each, and of the value of 5000 dollars each, of large value, to wit, of the value of 200,000 dollars; and thereby, then and there, by the means last aforesaid, did greatly impoverish and injure the said "The Sun Fire Insurance Company," and divers other persons to the jurors

NEW YORK, May, 1827.

Lambert
v.
The People

[*168]

NEW YORK, unknown, to the great damage of the said "The Sun Fire
May, 1827. Insurance Company," and divers other persons to the jurors
Lambert unknown, against the form of the statute in such case made
v. and provided, and against the peace of the people of the
The People. state of New York, and their dignity.

Sent from
sessions. Which said indictment, afterwards, for certain reasons,
was sent by the said court of general sessions to, and re-
ceived by a court of oyer and terminer and gaol delivery,
held at the city hall, in the city of New York, on the 21st
Appearance. day of September, A. D., 1826, to be tried according to law,
and the directions of the statute in that case provided.

And now at this day, that is to say, on the 25th day of
September, A. D., 1826, at a court of oyer and terminer
and gaol delivery, held at the city hall, in the city of ○
New York, before Ogden Edwards, Esq., one of the cir-
cuit judges, and Anthony Lamb and Jamison Cox, two
of the aldermen of the said city of New York, and others,
their fellow justices of the people, came the said Samuel
Pleas. F. Lambert, &c., in their proper persons; and having heard
the indictment read, the said Samuel F. Lambert, &c., say,
each for himself respectively, that they are not guilty of
the premises in the said indictment alleged against them,
as in an. by the said indictment is above set forth; and
thereupon they put themselves respectively upon the coun-
Award of ve- try : and *Hugh Maxwell, Esq.*, district attorney, who pro-
nire. secutes for the people in this behalf, doth so likewise.
Therefore, let a jury thereupon come at the next court of
oyer and terminer and gaol delivery, to be held in and for
the city and county of New York, at the city hall of the
said city, by whom, &c., who neither, &c, to recognize, &c.,
[*169] *because as well, &c., the same day is given to the parties ·
here, &c.

At which day, afterwards, to wit, on the 20th day of
November, in the year aforesaid, at a court of oyer and
terminer and gaol delivery, held in and for the city and
county of New York, at the city hall of the city of New
York, before the said Ogden Edwards, Esq., one of the
circuit judges, and Anthony Lamb and Stewart F. Ran-
dolph, two of the aldermen of the said city, and others,

their fellow justices, as aforesaid, came the said Samuel F. Lambert, &c. ; and the said Hugh Maxwell likewise, comes. Therefore, let a jury thereupon immediately come, before the justices aforsaid, and others, their fellows aforesaid, of free and lawful men, of the said city and county, each of whom hath, &c, by whom the truth of the matter may be better known ; and who are not of kin to the said Samuel F. Lambert, &c., to recognize upon their oath, whether the said Samuel F. Lambert, &c., be guilty of the premises aforesaid or not.

NEW YORK, May. 1827.
Lambert.
v.
The People.

A further award and venire.

And now at this day, to wit, the 21st day of December, in the year aforesaid, the proceedings aforesaid having been continued from day to day, by adjournment, according to due course of law, the said Samuel F. Lambert, &c., in his own proper person, comes before the said court, and withdraws his plea of not guilty ; and says that he is guilty of the premises in the said indictment alleged, as in and by the said indictment is set forth ; and the proceedings aforesaid are continued, until the 22d day of December, in the year aforesaid, on which day the jurors of the said jury, by Oliver M. Lownds, Esq., sheriff of the city and county of New York, for this purpose empannelled and returned, to wit, John Devoe, &c., being called, come, and are then and there elected, tried and sworn to speak the truth of and concerning the premises, as charged against the said Henry B. Lambert, &c. And forasmuch as it appears to the court here, that justice cannot be done if this court proceed without intermission upon the said trial, the same is continued by adjournment until the 23d day of December, in the said year. And now at this day, to wit, *the 23d day of December, in the said year, the jurors of the jury aforesaid, upon their oath, say, that the said Henry B. Lambert, &c , are guilty of the premises within charged upon them, in the within written indictment mentioned.

Continuances de die in diem.

S. F. L. pleads guilty, after withdrawing his former plea.

Farther continuance.

Jurors come and are sworn.

Adjournment.

[*170]

Verdict of guilty.

And now at this day, to wit, on the 2d day of January, A. D. 1827, the proceedings aforesaid having been continued by adjournment from day to day, according to the due course of law, the said Henry B. Lambert, &c., appear in their proper persons, before the said court. And upon

Adjournment.
Appearance.

this, it is demanded of the said Henry B. Lambert, &c, whether they, or either, have or hath, or knoweth any thing to say, wherefore the said justices ought not, upon the premises, the plea of guilty of the said Samuel F. Lambert, and the verdict aforesaid, to proceed to judgment against the parties respectively convicted as aforesaid; who nothing further say. Whereupon, all and singular the premises being seen, and by the same justices here fully understood; it is considered by the said justices, that the said Samuel F. Lambert be imprisoned in the penitentiary of the city and county of New York, for the term of one year; and that the said Henry B. Lambert be imprisoned in the penitentiary of the city and county of New York, for the term of one year; and that, &c. (the same as to another.)

Judgment signed this 3d day of March, 1827.
R. RIKER.

*Maxwell*, Dist. Att'y.

Upon this record, general errors were assigned; and *diminution* alleged, viz. that there was no order or rule of the court of sessions, directing the indictment to be sent to the oyer and terminer; and that there was no indictment on file in the oyer and terminer, purporting to have been found at the sessions. Writs of certiorari were prayed; but the plaintiff had not caused them to be returned.

[*171]     *Upon a general joinder, of *in nullo est erratum*, by the district attorney,

*D. B. Tallmadge*, for the plaintiff in error, took various exceptions to the record, both in form and substance.

He said that, 1. the indictment was uncertain, in describing the object of the conspiracy, the persons by whom it was to be accomplished, and the persons to be defrauded.

It should be so certain that the court may know judicially, they are trying the identical offence for which the grand jury indicted; that they may know the grand jury

have gone on sufficient premises; and the defendant be ^NEW YORK,^ apprized of, and prepared to meet the charge; and be ^Lambert^ able to plead the former conviction, or an acquittal, or ^v.^ pardon. (1 Chit. C. L. 227, 228. Stark. Cr. Pl. 214. id. ^The People.^ 203.)

^May, 1827.^

2. The overt acts charged, though more specific, will not help the defects which go before. These acts are no part of the crime. They need not be proved. Any variance between the indictment and evidence, in this respect, will be disregarded; and can have no effect, except in aggravating the punishment. (3 M. & S. 72. 1 Salk. 174. 2 Mass. Rep. 329.)

3. Choses in action are not the subject of indictable conspiracy. They were, at common law, of no value to any one who might obtain them; not even to assignees. They were merely the evidence of a debt; and stealing them was not felony till made so by statute. (*Payne* v. *The People*, 6 John. 103, 104.)

4. The record is defective. There is no such court as is described in the caption. It does not follow the act creating the oyer and terminer. *Frauds* and *thefts* are not named in the act; and the caption is not only of crimes or misdemeanors done or committed, but *attempted* to be done or committed. The names of the grand jurors are not stated in the caption. (1 Chit. C. L. 202, 326. 4 Bl. Com. App. II. 2 Bl. Rep. 718, 719. 2 Hawk. ch. 27, s. 17.) It states the presentment in the past, instead of the present tense; it *was*, instead of it *is* presented. (1 Chit. C. L. 720. id. 202. 2 Sound. 393. 1 Mod. 81.) *It not appearing that the defendants were in gaol, the sessions had no power to send the indictment to the oyer and terminer. (2 R. L. 503, s. 10.) If there had been an arrest, it must have been stated. (1 Chit. Cr. L. 720.) There was no order of sessions to send it up. This is admitted by the general joinder in error, though there was no return of the diminution. So, as to their being no indictment on file. The oyer and terminer were not properly formed. The mayor or recorder should have been one. The oyer and terminer is not described as held *in and for* the city and

[*172]

NEW YORK, county of New York. (1 Chit. C. L. 327, 328. 3 John. Cas,
May, 1827. 265. 1 Chit. C. L. 752. 1 Saund. 149, note (1.) 2 Hawk.
Lambert ch. 25, s. 123. Bac. Abr. Indictment, (I.) There is no
v. recital that the sheriff had omitted to return the first venire;
The People. and no new venire could issue until the omission to return
the first. (1 Archb. Pr. 134. The *quia tam*, &c., is omit-
ted in the last award of the venire. (1 Chit. C. L. 752.)
No appearance of the defendants is mentioned at the re-
turn of the venire, nor from that time till after trial and
verdict. Though in misdemeanors, the defendant may be
tried when personally absent, yet he must be present by
attorney.

5. A conspiracy to defraud an individual of his pro-
perty, is not an indictable offence at common law.

*H. Maxwell*, contra, was stopped by the court upon the
last point; whether the indictment would lie.

He said he should not undertake to examine the excep-
tions in the order stated; nor with much particularity.

As to want of appearance intermediate the venire and
sentence, one regular appearance was stated, and the cause
was then continued, which implied a regular appearance.
The *quia tam* is not necessary in terms, if it be implied, as
it undoubtedly is here from other parts of the record. The
powers of the court need not be specified at all; for they
existed at common law; and, in truth, no award of a
venire is, in strictness, necessary. The words *in and for*
the city and county of New York, are in the record; and
[*173] this is said of the place of trial. That is sufficient, *when
taken in connexion with the previous parts of the
record, for this court to see where and for what county,
the oyer and terminer was held, and must have done all
its acts. The circuit judge and aldermen of the city are
mentioned as holding the court at the city hall. There
is evidence on the face of the record, that the indictment
was found at the sessions; and no order for its transmit-
sion to the oyer and terminer was necessary. Sending it
up, was a mere ministerial act of the public prosecutor. It
is not necessary to warrant this, that the party should be

in gaol. (1 R. L. 341, s. 21.) The objection, that the presentment is spoken of in the past tense, is not founded on the nature of the case. The English authorities do not apply. As the trial was in the oyer and terminer, the record there, when speaking of a former presentment at the sessions, should speak in the past tense, in order to speak true. As to naming the grand jurors, the return is from the oyer and terminer. It is not the business of the clerk to go from that court to the sessions in order to learn the names. But the names were not necessary in the return of the indictment; and probably not at any time. (1 Saund. 248, note (1.) It is enough to say so many men generally. All these technical objections are, however, if sustainable, liable to be defeated by amendment. (1 Saund. 250, note (1.)

This indictment is clearly maintainable upon principle; and is sufficient in form. (2 Russell on Crimes, 1807, 1819, 1820.)

*The Court*, (without assigning their reasons at large,) decided that the indictment lay; that it was sufficient in form; and that there was no ground for reversing the judgment of the court below, on account of any formal defect in the record. They overruled all the objections of the plaintiff in error; and

The judgment below was affirmed.[1]

[1] This decision was reversed in the court for the correction of errors (9 Cowen's Rep. 578,) by the casting vote of the president; but whether on the ground that conspiracy to defraud an individual was not indictable, or because the indictment was defective in omitting to state the means by which the fraud was effected, it is impossible from the report of the case to ascertain. See Waterman's Arch. Cr. Practice & Pleading, 616—2, *et seq.*

A conspiracy is a misdemeanor, and is defined as follows: Where two or more persons shall conspire either, 1. To commit any offence; or 2. Falsely and maliciously to indict another for any offence, or to procure another to be arrested or charged for any such offence; or 3. Falsely to move or maintain any suit; or 4. To cheat and defraud any person of any property, by any means which are in themselves criminal; or 5. To cheat and defraud any person of any property by any means which, if executed, would amount to a cheat, or obtaining money or property by false pretences; or 6. To commit any act injurious to the public health, to public morals, or to trade or com-

*NEW YORK, May, 1827.*

Lambert.
v.
The People

NEW YORK,   merce; or for the perversion or obstruction of justice or the due admınstra-
May, 1827.   tion of the laws.   Barb. Cr. Law. p. 245.

Mauran
v.
Lamb.

     The indictment must charge the conspiracy; but, in stating its object, the same certainty is not required as in an indictment for the offence conspired to be committed; for the conspiracy is the gist of the offence. Thus, for a conspiracy to defraud a person of goods, stating them as " divers goods," was holden sufficient. But if the indictment does not set forth the object specifically, and show that this object is a legal crime, it should set forth the particular means intended to be used by the conspirators, to compass the alleged fraud, and show that those means are criminal. Ib. p. 246.

---

[*174]
O

## *MAURAN *against* LAMB.(a)

One holding a check or note, payable to bearer, as mere agent, may yet sue on it in his own name; and it does not lie with the opposite party to object the plaintiff's want of interest.

A party in interest, e. g. the plaintiff's *cestui que trust,* cannot be compelled to testify without his consent.

The party on record cannot be compelled to testify.

Whether a witness can be compelled to answer a question, the answering of which may tend to subject him to a civil suit? *Quære.*

ASSUMPSIT by the plaintiff, as bearer, against the defendant, as drawer of a check, on The Bank of America, dated New York, October 21, 1824, for $1912 02, payable to No. 25, or bearer.

The cause was tried at the New York circuit, March 25th, 1826, before DUER, C. Judge.

It was admitted at the trial, that the plaintiff had no inter est in the check; but sued for the benefit of Mrs. Remsen, to whom the check belonged, with her consent. There was a question made, whether the check had been demanded of the defendant; and the plaintiff offered one Lawrence as a witness, to show that a demand had been waived. Lawrence had, as broker, negotiated a loan to the defendant, on which the check was given, and charged certain commissions, which were included in the check.

The defendant objected that the action was not sustainable by the plaintiff in his name; but the objection was overruled. Lawrence, before he was sworn in chief, denied all interest on his *voire dire.* The fact of his commissions being included, came out in the course of his examination in chief; but the objection on account of his interest was

A broker who lends money, and takes a check for his principal, including his commissions in the check, is yet a competent witness for his principal, in an action against the drawer on the check.

(a) This cause was decided in February term last.