## JACOB ELKIN v. THE PEOPLE.

An indictment for a conspiracy to cause one L. to be arrested for the crime of larceny, averred, that in pursuance of the conspiracy, the defendant caused and procured one W. to appear before a police justice and complain of L. for larceny, and falsely swearing that L. had stolen money from her. The conspiracy was sought to be established by the act of procuring W. to make the complaint and falsely swear to the larceny committed. *Held*, that the facts did not show that W. in so swearing committed the crime of perjury, and consequently the defendant was not guilty of the offense of subornation of perjury; and it followed that no felony being established, no merger of the misdemeanor in it did or could take place.

An indictment for a conspiracy, which avers that the accused, with another person, conspired unlawfully and maliciously, to procure a third person to be arrested for the offense of larceny, well knowing that he was not guilty of said offense, follows the statute, substantially, and contains all the needful averments to sustain a conviction.

ERROR to the Supreme Court. The plaintiff in error was indicted and convicted in the New York General Sessions, of a conspiracy to cause one Jacob Laube to be arrested for the crime of larceny. It was averred in the indictment that in pursuance of the conspiracy, he caused and procured one Josephine Westendorff to appear before one of the police jus-

tices in New York, and complain of Laube for larceny, and falsely swear that Laube had stolen money from her. The naked record was taken by writ of error to the Supreme Court, and the convict there sought to reverse the judgment upon the alleged imperfection of the indictment. The judgment being affirmed, he brought error to this court.

*S. H. Stewart*, for plaintiff in error.

*A. Oakley Hall*, for the people.

Davies, J. The conspiracy was sought to be established, by the act of procuring Josephine to make the complaint and falsely to swear to the larceny committed. It is contended on behalf of the plaintiff that this state of facts shows that he has been guilty of the crime of subornation of perjury, and that the conspiracy, being only a misdemeanor, is merged in the higher crime of subornation of perjury, being a felony.

It is by no means clear that the crime of subornation of perjury has been committed by the plaintiff, even though he had done all that is alleged against him in the indictment. If, as is contended for by the counsel for the plaintiff, it is not averred in the indictment that the police justice had lawful power and authority to entertain the complaint of Westendorff, to administer an oath to her, or to do any other lawful act in the premises, then clearly the facts stated do not constitute the crime of subornation of perjury. This crime could not be made out without showing such a state of facts as would convict the party suborned of the crime of perjury, and it can not be contended that enough is alleged to show that Westendorff, in swearing falsely before the police justice, committed the crime of perjury. To sustain the charge of conspiracy, some act, besides the agreement of the conspirators was necessary to be averred, and proved ; and therefore, it was necessary to make the allegations contained in the

indictment, that some act was done in furtherance of the conspiracy. This act was to procure Westendorff to make the complaint and falsely swear to the larceny as the foundation for the arrest of Laube. These facts do not show that Westendorff, in so swearing, committed the crime of perjury, and consequently the plaintiff was not guilty of the act of subornation of perjury. It follows that no felony being established, no merger of the misdemeanor in it did or could take place. As I read the indictment, the plaintiff conspired, unlawfully and maliciously, to arrest Laube, on the crime of larceny, well knowing that said crime had not been committed by him. The gravamen of the offense, that if two or more persons shall conspire falsely and maliciously, to procure another to be charged or arrested for any offense, they shall be deemed guilty of a misdemeanor, clearly imports that the false and malicious intent or state of mind applies to the act of making the charge or causing the arrest. This state of mind does not refer to the act of conspiring, but to the fruits of the conspiracy. The indictment in this case, therefore, follows the statute, in averring as I think in substance it does, that the plaintiff with another person, conspired, unlawfully and maliciously, to procure said Laube to be arrested for the offense of larceny, well knowing he was not guilty of said offense. They therefore falsely procured him to be arrested for said offense, upon an untrue allegation of his guilt, and which they knew to be untrue, and therefore it was false. It seems to me that all the needful averments are proved in this indictment, and that the conviction should be sustained, and the judgment appealed from be affirmed.

ROSEKRANS, J. also delivered an opinion for affirmance, and all the judges concurred in that conclusion.

Judgment affirmed.