BENJAMIN MAY, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

*Indictment — transfer of, from Oyer and Terminer to Sessions — when order directing it need not appear in return to writ of error.*

Where an indictment was found and the prisoner pleaded not guilty in the Court of Oyer and Terminer, and he was thereafter tried and convicted in the Court of Sessions, and the return to the writ of error did not show the entry of any order transferring the indictment to the latter court nor any objection by the prisoner to the trial in such court on the ground that such order had not been entered, *held*, that the conviction should be affirmed.

Writ of error to the Court of Sessions of the Peace of the county of Richmond, to review the conviction of the plaintiff in error of robbery.

*William F. Howe*, for the plaintiff in error.

*John Crook*, for the defendants in error.

Barnard, P. J.:

The plaintiff in error was convicted of the crime of robbery at a Court of Sessions, held in Richmond county. The indictment was found at the Oyer. The accused pleaded not guilty in the Oyer.

The return to the writ of error does not set forth the entry of an order transferring the indictment to the Court of Sessions for trial. No objection to the trial before the Sessions was taken for the reason that such order was not in fact entered. The Court of Sessions had jurisdiction to try the offense. We think the question arising upon the absence of the order from the return cannot now be raised. The presumption is in favor of the regularity of the proceedings. (*Ferris* v. *The People*, 48 Barb., 18.)

If the formal order was not entered, the question was not presented to the court at the trial. (*Thompson* v. *The People*, 3 Parker's Cr., 208.)

The omission to enter the order was not prejudicial to the prisoner. (2 R. S., 728, sec. 52.)

Whether any order is necessary is questioned. (*H. B. Lambert* v. *The People*, 7 Cow., 166; *Meyer* v. *People*, 8 Hun, 528.)

The conviction should be affirmed.

GILBERT and DYKMAN, JJ., concurred.

Conviction affirmed.