For the reasons stated the judgment should be reversed, and a new trial granted.

EARL, DANFORTH and FINCH, JJ., concur; RUGER, Ch. J., concurs in result.

PECKHAM, J., dissents from that portion of the opinion treating of the order in which peremptory challenges should be made, on the ground that the statute is directory merely, and not matter of exception upon which to grant a new trial; also, from that portion of the opinion treating of the rejection of a competent juror, as being error upon which an exception might be taken. He agrees upon the other matters discussed in the opinion.

GRAY, J., dissents from the grounds stated in the opinion, but votes for reversal and a new trial, on the ground that it was error to charge the jury that evidence of good character of itself did not tend to prove that a man is not guilty of an offense, that this error was not cured by anything in the rest of the charge, and being substantial in its nature, the defendant is entitled to a new trial.

Judgment reversed.

110  309
154  162

THE PEOPLE, Respondent, v. WILLIAM McCARTHY, Appellant.

On the trial of an indictment for manslaughter, it appeared that defendant was a member of the police force of the village of W. T., and while patrolling his beat at night, dressed in citizen's clothes, he fired his pistol twice at one D., wounding him and thereby causing his death. Defendant testified that he saw a man running through the streets, and, after calling upon him three times to stand, without effect, he pulled out his revolver and shot, as he supposed towards the ground, and as the man continued running he fired again towards the ground. Defendant also swore that a gang of thieves had been operating in that ward for four or five weeks, and as he saw D. running he supposed it was one of that gang. It appeared that D. was a good citizen returning from lawful business to his home. At the close of the People's case a motion was made for an acquittal, which was denied. *Held*, no error.

The indictment in two separate counts charged the defendant with manslaughter in the first degree, committed under different circumstances: in a third count the charge was manslaughter in the second degree by discharging his pistol " in a culpably negligent manner " in the direction of D. the person killed. At the commencement of the trial defendant's counsel asked the court to instruct the district attorney to elect which count he would proceed on, and at the close of the evidence for the prosecution, and again upon all the evidence, that he be directed to elect on which count a conviction was asked. These requests were denied. *Held*, no error; that if more than one crime was charged, except as permitted by the Code of Criminal Procedure (§ 279), the only remedy was by demurrer (§§ 324, 331); but that, in any event, such a request is an appeal to the discretion of the court, and a denial of the application cannot be successfully assigned as error.

The jury rendered a verdict of guilty specifically of " manslaughter in the second degree." *Held*, that this was equivalent to a verdict of not guilty of the crime charged in the first and second counts of the indictment.

The mother of the deceased testified that defendant followed her son and came to her house, and in the presence of her son and herself, had a conversation at the door in respect to the matter, which conversation she narrated, and said her son got up " and went in " while she was talking with defendant. She was subsequently recalled and permitted to testify, under a general objection and exception, as to what her son said after he went into the house. Defendant moved to strike out the last statement as incompetent and improper. The witness then stated that the statement was made to her half an hour after the defendant had gone. The motion to strike out was granted. *Held*, that if there was error in the overruling of defendant's objection, it was cured by granting his motion.

The court, after stating the accusation and reading the statute to the jury, charged that the People must establish their case beyond a reasonable doubt, and that to justify the killing, defendant must satisfy them if they found, as matter of fact, that the killing was done by him, that he was justified in the act. Defendant's counsel excepted to the last clause and asked the court, " in that connection, to charge that the burden of proof is on the People all through; that the defendant is not obliged to satisfy the jury of anything," and the court so charged. *Held*, that the exception was untenable; that if an excuse for the homicide existed it could not be presumed; that while the burden of proving the accusation was upon the prosecution, the burden of justifying the use of a deadly weapon was on defendant.

(Argued June 20, 1888; decided October 2, 1888.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order

made at the February Term, 1888, which affirmed a judgment of the Court of Sessions of the county of Albany, entered upon a verdict convicting the defendant of the crime of manslaughter in the second degree. (*Mem.* of decision below, 47 Hun, 491.)

The facts are sufficiently stated in the opinion.

*D. Cady Herrick* for appellant. An arrest, to be oppressive, must not only be unlawful, but malicious. (Penal Code, § 556.) By no construction of the evidence can the court find the defendant was committing an assault in the third degree. (Penal Code, § 217; *Foster* v. *People*, 50 N. Y. 598.) The trespass or invasion of private rights referred to in the Penal Code does not refer to attacks upon the person, but to property or other rights. (Penal Code, § 193.) The admission of the statement of deceased, that defendant did not speak to him until after firing the second shot, was error. (*People* v. *Zimmerman*, 4 N. Y. Crim. Rep. 272.) To obviate an erroneous instruction to the jury on a material point, a subsequent instruction must be expressed in such explicit terms as to preclude the inference that the jury might have been influenced by the erroneous one. (*Chapman* v. *Erie R. Co.*, 55 N. Y. 570–587.) The charge is erroneous, because it treats the element of justifiable or excusable cause as a defense that the defendant must assert and prove, instead of something that the People must, on their part, prove does not exist. (Penal Code, § 188.) Where an officer has reasonable ground to believe that a man has committed a felony in pursuing him the officer need not notify him of his authority. (Code Crim. Pro. § 180.) The court erred in refusing to charge : " If the defendant was in the discharge of a lawful duty as a public officer, the killing was justifiable, and the jury must find a verdict of not guilty." (Penal Code, § 204.) Homicide is excusable when committed by accident or misfortune, or in doing any lawful act by lawful means, with ordinary caution and without any unlawful intent. (Penal Code, § 203.) Homicide is justifiable when committed by a

public officer in attempting to apprehend a person. (Penal Code, § 204, subd. 3.)

*Andrew Hamilton* for respondent. The use of separate counts in an indictment charging the offense to have been committed in a different manner or by different means is allowable. (Code Crim. Pro. § 279.) No duty of election as to such counts is provided for. (*People* v. *Dimmick*, 41 Hun, 616; *People* v. *Reavy*, 38 id. 418.) Prior to the Code the power to compel such election was discretionary. (*Hawker* v. *People*, 75 N. Y. 487; *Armstrong* v. *People*, 70 id. 38; *People* v. *Wilson*, 37 A. L. J. 481.) The statement of the deceased to his mother that defendant did not warn him before firing having been stricken out on motion of defendant, the error, if any, in receiving it was cured and the exceptions waived. (*Price* v. *Brown*, 98 N. Y. 388.) By the verdict of the jury of manslaughter in the second degree they acquitted the accused upon all of the other counts which charged the first degree. (*People* v. *Gunther*, 24 N. Y. 100; *People* v. *Dowling*, 84 id. 478.) The presumption as to errors which are disregarded by the jury as to the count to which they refer, is that they did not influence them as to other counts. (*Thorne* v. *Turch*, 94 N. Y. 90.) There is nothing to warrant the attempt to exclude attacks upon the person from the operation of the term trespass and to confine it to property rights. (Addison on Torts, 697–701; *People* v. *Buddensiek*, 103 N. Y. 487.) When there is no evidence appearing in the case which presents the issue covered by a request to charge, it is no error to refuse to charge it, however true it might be. (*Prisbe* v. *Bridge Co.*, 77 N. Y. 597; *Kissenger* v. *N. Y. & H. R. R. Co.*, 56 id. 538; Code Crim. Pro. § 180.) The request " that if after notice of defendant's intention to arrest him Doring continued to flee, the defendant was justified in using all necessary means to effect the arrest " was properly refused. (Penal Code, § 204, sub. 3; Code Crim. Pro. §§ 177, 179; *Conraddy* v. *People*, 5 Park. Crim. R. 240.) The fifth request to charge of defendant, "if defendant was in the dis-

charge of a lawful duty as a public officer, the killing was justifiable," was improper as it omitted the word "necessarily," and required the court to determine the killing was justifiable and ignored the right of the jury to pass upon the question whether the shooting by defendant was necessarily done under the circumstances, as required by the Code. (*People* v. *Conraddy,* 5 Park. Cr. R. 240; Penal Code, § 204, sub. 2, § 223.) If the charge as to justification, as first given, was objectionable, it was fully cured by the adoption of the identical words of defendant's request. (*O'Connell* v. *People,* 87 N. Y. 377.) The Code classes the defense as one of justifiable, as distinguished from excusable, homicide. (Penal Code, § 204.) When the defense is purely justification, " the defendant takes upon himself the burden of satisfying the jury by a preponderance of evidence. (*Sawyer* v. *People,* 91 N. Y. 667; *People* v. *Schryver,* 42 id. 1; *People* v. *Willett,* 36 Hun, 500; *Hadley* v. *State,* 55 Ala. 31, 38; *Silous* v. *State,* 22 Ohio St. 90; *Comm.* v. *York,* 9 Metc. 93; Whart. Crim. Ev. § 331; 4 Black. Com. 201.) The court properly refused to charge the defendant was justified, if informed that a felony had been committed. (Code Crim. Pro. § 179.; *People* v. *Conraddy,* 5 Park. Crim. R. 223.)

DANFORTH, J. The defendant was indicted for the crime of manslaughter, in having killed one Richard T. Doring at West Troy. He pleaded not guilty. The issue was tried at the sessions, and it then appeared that the defendant was a member of the police force of that village, and that while patrolling his beat at night, dressed in citizen's clothes, he fired his pistol twice at Doring, with such effect as to inflict a wound and thereby cause his death. There was no dispute as to these facts, but the defendant, by his own testimony, sought to explain the act by saying that he saw a man running through the streets and called to him " to stand ; " he did not obey, and after two more ineffectual calls the defendant says: " I pulled out a revolver and shot, as I supposed, towards the ground ;

he continued running ; I fired another shot towards the ground, as I supposed." He also says, "there was a gang of thieves operating in that ward for the last four or five weeks * * * and, as I saw him running, I supposed it was one of the party." In fact, Doring was a good citizen returning from lawful business to his own home.

The points made in support of this appeal are: (1.) Error on the part of the trial judge in refusing to direct an acquittal at the close of the People's case. (2.) In admitting improper evidence. (3.) In charging the jury. (4.) In refusing to charge, as requested by the defendant's counsel. The indictment, in two separate counts, accused the defendant of manslaughter in the first degree, committed under different circumstances, and in a third count, of manslaughter in the second degree, viz., by discharging his pistol " in a culpably negligent manner " in the direction of Doring. At the beginning of the trial the defendant's counsel asked the court to instruct the district attorney to elect which count he would proceed on, and at the close of the evidence, on the part of the People, and again upon all the evidence, that he be directed to elect on which count a conviction was asked. Separate counts were proper under certain circumstances (Code of Crim. Pro. § 279), and if more than one crime was charged, except as permitted by that section, the proper and only remedy was by demurrer. (Code of Crim. Pro. §§ 324, 331.) Nor had the defendant any legal right to the instruction asked for. Such an application is an appeal to the discretion of the judge, founded upon the supposition that the accusation extends to more than one charge and might, therefore, embarrass the defendant in meeting it (*Reg* v. *Trueman*, 8 C. & P. 727 ; *Hawker* v. *People*, 75 N. Y. 487), and a denial of the application cannot be successfully assigned as error. It is unnecessary to consider whether the trial judge should have directed an acquittal upon either the first or second count. The verdict of the jury was specifically for " manslaughter in the second degree," and being silent as to the other charges, is, therefore, equivalent to a verdict of not guilty of the

crime charged in the first and second counts (*Guenther* v. *People*, 24 N. Y 100 ; *People* v. *Dowling*, 84 id. 478), and for the commission of the same crime, in any degree, the defendant cannot be again tried so long as the judgment herein stands unreversed. (Penal Code, § 36.)

Upon the examination of Mrs. Doring, the mother of the deceased, it appeared that the defendant, following the wounded man, came to her house and in the presence of her son had a conversation with her at the door in respect to the matter. This conversation she narrated and said, speaking of her son, "He got up during the time I was talking with him (the defendant) and went in." Being subsequently recalled the following occurred: "Q. While you were talking with the officer your son went in? A. Yes, sir. Q. And you went right in; did you have any conversation with him then? A. He told me——(Objected to. Objection overruled. Defendant excepted.) Q. What did he say? A. He said the officer did not say anything to him until after he fired the second time. (The defendant's counsel moved to strike out the last statement as incompetent and improper.) Q. The officer wasn't there at the time? A. No, sir. Q. (The Court.) How long after the transaction? A. Shortly after. Q. (The Court.) How long; ten minutes, fifteen minutes? A. Half an hour. (Motion granted.)" At the time the objection was made it was not apparent that the conversation called for was not in the presence of the defendant. For aught that appeared it was a continuation of the conversation disclosed by her earlier testimony, unobjected to, and at which he was present. The objection was not put upon the ground that he was not present. It was general, and it was only after she answered, and after the defendant's counsel moved to strike out the answer that it was made to appear that the defendant was not present at the time. When that fact did appear the motion was granted. If there was error, it was at once corrected on the defendant's motion, and it would be going quite too far to give him a new trial upon an exception as to evidence admitted, when upon his formal request tha tevidence was stricken out, and the

plaintiff deprived of its benefit upon the trial already had. (*Price* v. *Brown*, 98 N. Y. 388.)

We find no error in the charge under which the case went to the jury. It seems to us impartial, and that it confined the attention of the jury to the evidence and the very right of the case. The acts alleged against the defendant were committed by him while acting as a police officer, and, as he claimed, while in the performance of his duty. The accusation on which he was convicted relieves him of an intent or design to effect death, but charges that he conducted the affair in hand with such culpable negligence as to kill the person he sought to arrest. If this was established, the crime was complete. (Penal Code, § 188.) The killing was not denied, and the court after stating the accusation and reading the statute to the jury, said : "It is necessary for the People to establish their case beyond a reasonable doubt. It is necessary for the People to show the fact of the death, and you must find that the person alleged to have been shot and killed was actually killed and is dead, and then you must find from the facts that the defendant is guilty of the offense as charged in the indictment and as defined in the section of the Code which I have read to you. The defendant attempts to justify the facts of killing. It is for the defendant to satisfy you that, if you find, as matter of fact, that the killing was done and that the defendant did it, that he was justified in the act." The counsel for the defendant excepted to the last clause and asked the court "in that connection, to charge that the burden of proof is upon the People all through ; that the defendant is not obliged to satisfy the jury of anything," and the court so charged. The charge was correct. If an excuse existed for the taking of life or doing the act which caused death, it was to be shown to the jury. It could not be presumed, and if the fact existed the defendant was bound to show it. No doubt the burden of proving the accusation, that is the guilt of the defendant, was upon the plaintiff, and so the court charged, but the burden of justifying the use of a deadly weapon was on the defendant. (*Sawyer* v. *People*, 91 N. Y. 667.)

The other questions raised require no other discussion than that given to them by the learned judges of the General Term. We concur in their conclusion that no error of law was committed by the trial court, of which the defendant can justly complain, and the judgment appealed from should be affirmed.

All concur.

Judgment affirmed.