## Supreme Court—Kings County Oyer and Terminer.

### March 21, 1894

## PEOPLE v. JOHN Y. McKANE.

### (57 St. Rep. 723; 7 Misc. 321.)

PLEADINGS—DEMURRER—CRIMINAL LAW.

A demurrer to an indictment for conspiracy to commit a felony charging overt acts which show that the felony was actually committed may be sustained on the ground that the misdemeanor was merged in the felony.

The indictment charged a conspiracy on the part of John Y. McKane and twenty-one others to violate the provisions of the election law by rendering the registry lists of the town of Gravesend inaccessible to the public for examination or copying.

James & Thomas H. Troy (James Troy, of counsel), for defendant McKane.

Edward M. Shepard & Benjamin F. Tracy, Deputy Attorneys General, for People.

BARTLETT, J.—The indictment charges the defendants with conspiracy to commit certain crimes which are felonies under the election law.

It also alleges that the defendants, in pursuance of the conspiracy, actually did commit the felonies which they had conspired to commit. The case, therefore, squarely presents the question, whether under the law of the state of New York, a conspiracy to commit a felony when executed by the conspirators does not merge in the felony so as to prevent a prosecution for the conspiracy itself.

To understand the New York decisions on this question it is necessary to refer to the case of Commonwealth v. Kingsbury, 5 Mass. 106, decided by the supreme judicial court of Massachusetts in the year 1809. There it was held that a conspiracy to commit

a felony which had actually been committed could not be punished as an offense distinct from the felony. Chief Justice Parsons, however, went further in his opinion and declared that the same rule applied to an executed conspiracy to commit a misdemeanor.

The latter doctrine has not been generally approved; but so far as I have been able to discover, whenever the question has been touched upon by the higher appellate courts in the state of New York, the judges have assumed it to be the law that in the case of an executed conspiracy to commit a felony, the conspiracy which is a misdemeanor merges in the felony.

In 1827, the well known case of Lambert v. People, 9 Cow. 578, was decided in the court of errors by the casting vote of the president in favor of reversing the judgment below. The principal opinion for reversal was delivered by Senator Spencer, who cited the Kingsbury case in Massachusetts as a correct exposition of the law and showed (on page 595) that the case of Lambert fell within the doctrine that a conspiracy to commit an offense of a higher grade than a misdemeanor merges in the higher offense when committed, because Lambert was indicted for a conspiracy to cheat by false pretences and that was an offense of higher grade, "it is urged," he said, that this indictment charges an executed conspiracy; that the first agreement to commit the offense and every other preliminary and intermediate step is absorbed in the actual commission of it.

I am deeply impressed with the weight of this objection. I cannot conceive how a crime can be split up with its several parts, and each of those parts made the subject of accusation. If a man committed a theft by robbing, I cannot understand how the two can be separated and the defendant tried for the theft alone. An indictment for murder always charges that the defendant made an assault on A. B., and him murdered with malice aforethought. If a general verdict of guilty were rendered on such an indictment, would it enter into the head of any man to inflict punishment merely for the assault? That assault is part of the crime and is absorbed in it. So in this case, the agreement to cheat, the false

tokens or false pretences used, are all concentrated and collected in the offence of cheating."

The minority opinion in the Lambert case was delivered by Senator Stebbins, and it is to be noted that while he dissented from the Massachusett's decisions in Commonwealth v. Kingsbury, 5 Mass. 106, so far as it intimated that an executed conspiracy merged in a misdemeanor which was its object, he expressly declared that the court properly held that a conspiracy to procure goods in a manner amounting to larceny was merged in the felony when executed, 9 Cow. page 621, so that both reported opinions in Lambert v. People assume the correctness of the doctrine that an executed conspiracy to commit a felony merges in the felony.

In 1830, we find the same assumption in the opinion of Marcy, J., in the celebrated case of the People v. Mather, 4 Wend. 229, arising out of the alleged abduction of William Morgan.

He rejected the view that a conspiracy to commit a misdemeanor was merged in the misdemeanor when committed, saying that where two crimes were of equal grade there could be no legel technical merger, but his language shows that he deemed the doctrine of merger applicable where the crime was of a higher grade than the conspiracy and the object of the conspiracy was fully accomplished.

Both these cases were decided before the law made it essential in most indictments for conspiracy to allege the commission of some overt act in furtherance of the conspiracy and it was suggested on the argument of the case at bar that this change in the law of conspiracy has had the effect to do away with the doctrine of merger, so far as it is sanctioned by these two decisions. That view cannot be entertained however in reference to the case of Elkin v. People, 28 N. Y. 177, which was decided by the court of appeals in 1863 when the law in respect to alleging and proving overt acts was substantially the same as it is now. In the Elkin case, Davies, J., delivering the opinion of the court, distinctly assumed that the doctrine of merger was still in force and said that no felony being established by the proof, "No merger of the misdemeanor in it did or could take place."

It is argued that the cases which I have cited are not binding as authorities inasmuch as what was said in the opinions in regard to the merger of a conspiracy in an executed felony was not necessary to any one of the decisions actually rendered and that the observations on this subject are therefore to be deemed obiter dicta.    It is not clear that it is true of the Lambert case, but even if it be true of all of them still the uniform expression of the higher courts of the State on the question under consideration are not to be disregarded by the courts of first instance.    Such utterances furnish the latter with the most trustworthy guides to a correct decision, in the absence of direct precedents.

While there is, no doubt, a tendency to abandon the strictly technical rule of merger in England and in some of the states, and while it appears to have been actually abandoned in Massachusetts, Commonwealth v. Walther, 108 Mass. 309, Mr. Wharton, in the ninth edition of his well known work on American Criminal Law, cites the Walther case and the Elkin case as recognizing its existence in New York, section 1344.    And the same learned commentator, in his earlier treatise on Precedents of Indictments, referring to conspiracy to commit felonies and citing the case of the People v. Mather, says "Care must be taken in preparing an indictment for this branch of conspiracy to charge the offense as merely an unconsummated attempt.    If however in an overt act, or in the body of the count, the commission of the actual offense be charged, the conspiracy merges in the felony and the indictment is incapable of supporting a conviction." . Precedents of Indictments, etc., 3 Ed S. 607.

Whatever may be the ultimate decision upon this question when directly presented to the tribunal of last resort it seems to me clearly the duty of a trial court to accept and apply the doctrine of the merger of a conspiracy in an executed felony as sanctioned in the opinion delivered in the cases cited in the court of errors, in the old supreme court and in the court of appeals.    The people have the right of appeal from an order sustaining a demurrer to an indictment and it is far better that this question should be passed upon by the general term and court of appeals

beforehand than after a long trial the labor of which would be wholly wasted if the judicial opinions to which I have referred are correct expositions of existing law.

The demurrers to the indictment are sustained.