## PEOPLE v. WEICHERS et al.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. CRIMINAL LAW—INDICTMENT—DUPLICITY.

Code Cr. Proc. § 323, subd. 3, provides that a defendant may demur to an indictment when it appears on the face thereof that more than one crime is charged, and section 331 provides that an objection mentioned in section 323 can only be taken by demurrer. *Held*, that an objection to an indictment on the ground that it was objectionable under section 323, subd. 3, in that it charged not only conspiracy to obtain money by false pretenses, but also false pretenses, could not be raised on appeal for the first time.

2. SAME—INDICTMENT—CONSTRUCTION—NATURE OF CRIME CHARGED—DEMURRER.

An objection to an indictment for conspiracy to obtain money by false pretenses that the allegations thereof showed that there was a merger of the conspiracy in the crime of false pretenses itself might have been raised by demurrer, under Code Crim. Proc. § 323, subd. 4, providing that a defendant may demur to an indictment when it appears on the face thereof that the facts do not constitute a crime.

3. SAME—OBJECTION TO INDICTMENT—TIME FOR TAKING OBJECTION.

The objection to the indictment might have been taken at the trial, under Code Cr. Proc. § 331, providing that an objection that the facts stated do not constitute a crime may be taken at the trial under the plea of not guilty.

4. SAME—MOTION IN ARREST OF JUDGMENT.

The objection might have been taken in arrest of judgment, under Code Cr. Proc. § 331, providing that an objection to an indictment on the ground that the facts stated do not constitute a crime may be taken in arrest of judgment.

5. SAME—INDICTMENT—FAILURE TO OBJECT—APPEAL—QUESTIONS OPEN TO REVIEW.

Code Cr. Proc. § 331, provides that an objection that the facts stated in the indictment do not constitute a crime may be taken at the trial and in arrest of judgment. *Held*, that on appeal from a conviction of conspiracy to obtain money by false pretenses an objection that the allegations of the indictment showed that the conspiracy had been merged in the crime of false pretenses might be considered, though the question had not been raised on the trial or in arrest of judgment.

6. SAME—INDICTMENT—CONSPIRACY—ALLEGATIONS—SUFFICIENCY.

Pen. Code, § 171, provides that no agreement except to commit a felony amounts to a conspiracy unless some act besides such agreement be done to effect the object thereof by one or more of the parties. An indictment for conspiracy alleged that defendants conspired to obtain money from the public by false pretenses, and alleged various overt acts in furtherance of such conspiracy, and also alleged the obtaining of a sum of money from a certain person by such false pretenses. *Held*, that the indictment was not insufficient on the theory that there was a merger of the crime of conspiracy in the crime of false pretenses itself, since, if the allegations concerning the actual obtaining of the money were eliminated, the indictment would still remain sufficient, it not being necessary to prove all the overt acts alleged.

Appeal from Trial Term, Erie County.

Anton J. Weichers and another were convicted of conspiracy, and they appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and STOVER, JJ.

M. Fillmore Brown, for appellants.

Edward E. Coatsworth and Frank A. Abbott, for the People.

WILLIAMS, J. The judgment should be affirmed. There was no motion for a new trial, and there is no appeal from an order denying such motion. The indictment charged, and the jury convicted of, a conspiracy, under subdivision 4 of section 168 of the Penal Code. Such conspiracy was alleged between the two defendants to cheat and defraud people, and to obtain money and other property by false pretenses. The pretenses alleged were, in brief, that this defendant, designated as "Antonius, the Boy Phenomenon," possessed marvelous magnetic healing power, and the ability to cure the deaf, blind, lame, and all forms of paralysis, epilepsy, dropsy, diabetis, Bright's disease, etc., by magnetic force or vital magnetism. A large amount of evidence was taken on the trial on both sides relating to the various elements going to make up the crime. All this evidence was submitted to the jury, and we see no reason why their verdict rendered thereon should be disturbed as being without evidence, or contrary to the evidence. We do not feel called upon to discuss the evidence here, or the right of the defendants to carry on their business, and treat such patients as came to them. If they had had those rights, and they carried on the business honestly, they could not be subjected to prosecution for crime and punishment therefor. But they would be liable to prosecution and punishment, the same as any regular physician would be, for any crime they committed while engaged in such business. The charge here is not that they honestly carried on the business of healing the sick, but that they conspired together to cheat and defraud people, and to obtain money from them by false pretenses, and it was this charge the defendant was found guilty of, and was sentenced to prison for. The evidence seems to have been sufficient to authorize such verdict, and we should not reverse the same on the facts. The pretenses alleged and proved were, more or less of them, of facts, and not the mere expression of opinion, and were such as an indictment for false pretenses could be based upon.

The objection to the form of the indictment, that it charged not only conspiracy, but false pretenses as well, and was therefore objectionable under subdivision 3 of section 323 of the Code of Criminal Procedure, could only be taken by demurrer, and cannot be raised here. Code, § 331; People v. McCarthy, 110 N. Y. 309, 18 N. E. 128; People v. Tower, 135 N. Y. 457, 32 N. E. 145.

It is said, however, that there was a merger of the crime of conspiracy to procure money by false pretenses in the crime of false pretenses itself—of the misdemeanor in the higher crime of felony— and we are referred to Lambert v. People, 7 Cow. 166; Id., 9 Cow. 578; People v. McKane (O. & T.) 28 N. Y. Supp. 397; Elkin v. People, 28 N. Y. 177; and cases therein cited. This question, of course, relates to the form of the indictment, and the claim is that the facts alleged do not constitute a crime; that they allege an executed conspiracy. This question might have been raised by demurrer, under subdivision 4, § 323, Code Cr. Proc., or at the trial or in arrest of judgment under section 331. The question was not raised in either of

the ways provided by statute, but is first presented on appeal in this court. We undoubtedly have the right to consider and pass upon the validity of the indictment here, although the question was not raised on the trial or in arrest of judgment, and we ought to do so if justice to the defendant requires it. In an ordinary case, where a defendant has been convicted of a crime, and the indictment does not allege a crime, the conviction certainly ought not to stand. Here, however, the claim is, not that the indictment does not properly allege all the elements of the crime of conspiracy for which the conviction has been had, but that it alleges, besides that, the carrying out of the conspiracy—the execution of it—by the commission of the higher crime of false pretenses, and. for this reason the indictment is not good. Under these circumstances justice does not seem to require the application by us of any technical rules of pleading in order to reverse the judgment, and there seems to be no reason why we should consider or pass upon the question when it was not raised at the proper time as prescribed by the statute. We think, however, that the indictment was good, and not subject to the objection made to it by the defendant. It clearly alleges, and was intended to allege, only the lower crime of conspiracy. It commenced by accusing the defendant "of the crime of conspiracy, committed as follows, to wit," and then in detail charges the conspiracy. It further alleges various overt acts, as it is necessary it should do, because the statute provides that no agreement in such a case as this shall amount to a conspiracy unless some overt acts are done pursuant to the conspiracy. Section 171, Pen. Code. The conspiracy alleged was to obtain money and property from the citizens of the county of Erie, and the public generally, as well as from Mr. Mackey; and among the many overt acts alleged is the obtaining from one Francis J. Mackey the sum of $30 by false pretenses for the treatment of his daughter, Ethel Mackey. This is the only allegation which it is claimed shows the conspiracy to have been executed and merged in this higher crime of false pretenses. All these allegations with reference to the Mackeys could be eliminated, and the indictment would still contain abundant averments of the conspiracy and of the overt acts to render the indictment good. The conspiracy was not confined to the Mackey people. It related to the whole people of Erie county, and one of the overt acts or some of the overt acts related to the Mackey people. No conviction for conspiracy to obtain the money or property of Mr. Mackey could be had very likely in the face of the allegation that this conspiracy was executed, having resulted in the actual obtaining from him of the $30; but the allegation of conspiracy as to all other people would still be in the indictment, and for such conspiracy there might be a conviction. It is not necessary to prove all the allegations of conspiracy and of overt acts contained in an indictment, but only so many of them as is necessary to constitute the offense alleged. The allegation of conspiracy, so far as the Mackey transaction was concerned, was rendered nugatory by the allegation of the crime of false pretenses in obtaining the $30. The balance of the allegations in the indictment still remain, and are not alleged to have resulted in the commission of crimes of false pretenses, and therefore there is no merger as to

these crimes of conspiracy alleged. In this respect this case is distinguishable from the cases referred to by defendant's counsel. The Lambert Case was one of conspiracy against a single corporation, and it was alleged it was executed and resulted in the crime to which the conspiracy related. The same was true as to the McKane Case. For the reasons herein stated we think the indictment was good, and sufficiently stated facts constituting the crime of conspiracy, of which the defendant was convicted.

The trial seems to have been very fairly conducted, and all the rights of the defendant to have been fully protected by the court. The charge was full, fair, and unobjectionable. The public interests demand that these crimes should be punished when they are established by the verdicts of juries.

We think the judgment here should be affirmed. All concur.