THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ———— TAVORMINA and Others, Defendants.

Supreme Court, Extraordinary Special and Trial Term, Kings County, November 7, 1930.

*George E. Brower*, District Attorney [*Samuel Goldstein*, Assistant District Attorney, of counsel], for the People.

*Thomas Cradock Hughes*, for the defendant Tavormina.

*Martin Lippman*, for the defendant Cohn.

*Robert H. Elder*, for the defendant Labate.

*Henry A. Smith*, for the defendants Beyerle and Bailey.

*Peter J. Brancato*, for the defendants Palumbo, Longo and Safina.

*Caesar Barra*, for the defendants Ascione and Ziniti.

*Jacob G. Scileppi*, for the defendant Adelman.

*Andrew C. Morgan*, for the defendant Palmenteri.

*Reuben B. Shemitz*, for the defendant Bobker.

MULLAN, J. Defendants demur to an indictment charging them with the misdemeanor of conspiracy to commit grand larceny. The indictment is carefully drawn, the People setting out in several pages of unnumbered paragraphs the allegations of the facts of conspiracy, and then in many subsequent pages of numbered paragraphs setting out the " overt acts " from which it is made to appear that the conspiracy was consummated by the commission of various acts of larceny, forgery and perjury. The demurrer is based upon the contention that it is the law of this State that an indictment will not lie for the misdemeanor of conspiracy when the conspiracy in question has resulted in the commission of a felony which was the object of the conspiracy, and that in such a case the indictment must be for felony, the theory being that the misdemeanor merges in the felony. I am of the opinion that the defendants have correctly stated the law. Apparently the rule was first enunciated in 1827 by the Court for the Correction of Errors in the case of *Lambert* v. *People* (9 Cow. 578). The decision is reported as being by a majority of one, but the court was unanimous in holding that when a conspiracy to commit a felony results in the commission of the felony the indictment must be for the felony. (See prevailing opinion of SPENCER, Senator, p. 594, and dissenting opinion of STEBBINS, Senator, p. 621.) In the *Lambert* case the conspiracy (misdemeanor) was to commit another misdemeanor of a higher grade, and it was upon the question whether one misdemeanor may merge in another misdemeanor that the court was divided. There were other points of difference which are not material to this discussion. The doctrine is discussed at length as brought down to the year 1894, by the then Mr. Justice WILLARD BARTLETT (then of the Supreme Court, Second Department, later a judge and chief judge of the Court of Appeals) in the case of *People* v. *McKane* (7 Misc. 478). The digests report that decision as being affirmed in 143 New York, 455. That is an error. The decision in 7 Miscellaneous Reports sustained a demurrer. The decision in 143 New

York affirmed a conviction after trial upon a redrafted indictment. I find that there has been no change in the law in this State as respects misdemeanor merging in felony, despite the fact that Massachusetts has repudiated the doctrine of *Commonwealth* v. *Kingsbury* (5 Mass. 106) in *Commonwealth* v. *Walker* (108 id. 309). In *People* v. *Mather* (4 Wend. 229) the doctrine that misdemeanor merges in misdemeanor was overruled. The doctrine that misdemeanor merges in felony is assumed as the law in *Elkin* v. *People* (28 N. Y. 177). I am mindful of the admonition of BARTLETT, J., in the *McKane Case* (7 Misc. 482): " Whatever may be the ultimate decision upon this question, when directly presented to the tribunal of last resort, it seems to me clearly the duty of a trial court to accept and apply the doctrine of the merger of a conspiracy in an executed felony as sanctioned in the opinions delivered in the cases cited * * *. The people have the right of an appeal from an order sustaining a demurrer to an indictment, and it is far better that this question should be passed upon by the General Term and Court of Appeals beforehand than after a long trial, the labor of which would be wholly wasted if the judicial opinions to which I have referred are correct expositions of existing law." I sustain the demurrers. In view of this ruling I deem it unnecessary to decide at this time the other points raised by each defendant for himself, none of which applies to all the defendants.