Burke, J. (concurring).
I concur in the result reached in this case. However I do not agree that the double jeopardy provisions of the Fifth Amendment of the Federal Constitution are applicable to State criminal proceedings. (Palko v. Connecticut, 302 U. S. 319; Brantley v. Georgia, 217 U. S. 284.) The United States Supreme Court in 1905 held that after a reversal of a defendant’s conviction for a lesser crime the double jeopardy provision of the Fifth Amendment is not violated by his later conviction for a higher degree crime in a territorial court. (See Trono v. United States, 199 U. S. 521.)
Be that as it may, at the present time because of changing conditions the concept of double jeopardy should develop responsively to the changing ideas of justice. Stare decisis might be sufficient if this were a static world. I think therefore that the present ruling is called for as a natural development in the quality of justice now accorded to the accused in this State. This change in the law can best be achieved by way of a broad interpretation of our State Constitution.
The later circumstance of a reversal on the law cannot erase the fact that a jury’s conviction on a lesser degree of a crime is a tacit acquittal of the higher crimes charged in the indictment. It is impractical not to acknowledge this fact in a case involving a later reversal when we have long recognized that the jury’s silence is “ equivalent to a verdict of not guilty ” in a case where the lesser conviction is undisturbed (see People v. McCarthy, 110 N. Y. 309, 314).
From this standpoint retrial of this defendant on all counts in the indictment would amount to his being twice tried for the *182 same crime. Such a trial I believe would violate the protections afforded to all accused in the Bill of Bights of our State Constitution (art. I, § 6).
Modern concepts of fundamental fairness would be gravely dis-served were we not to view the defendant’s present situation as falling within the area of constitutional protection. Consequently the defendant’s retrial ought to be limited to no more serious a charge on the indictment than first degree manslaughter “in view of the fundamental character of the rule that a man shall not be twice vexed for the same cause and the deep roots it throws into the history of the criminal law ’ ’. (People v. Lo Cicero, 14 N Y 2d 374, 378.)