Lawrence Newmark, J.
Defendant is charged with the crime of assault in the third degree in violation of section 120.00 of the Penal Law. Since he is an apparently eligible youth the matter was tried by the court without a jury.
It is wholly undisputed that the defendant struck the complainant several times without any blows being struck by the complainant. There is only one issue presented here for consideration : whether or not the defendant was justified in hitting the complainant.
*812 It appears that some hostility existed between defendant and complainant. Prior to the date of the incident in question, there was another altercation, apparently initiated by defendant in which complainant struck and injured defendant. A few days later both were in a group with approximately 12 to 15 other people. The defendant struck the complainant three or four times on the head, causing injuries which required sutures.
The complainant claims he was talking to a friend and defendant approached and hit him. Defendant, on the other hand, contends that he was talking to some friends when complainant approached, that he became frightened due to the earlier incident and something one of the others said and, therefore, hit the complainant. The only other witness produced was defendant’s brother-in-law who also stated the complainant approached defendant, but he saw nothing else.
Section 35.00 et seq. of the Penal Law governs the defense of justification. Section 35.10 provides that the use of physical force is justifiable and not criminal when (under subd. 6) a person is defending himself or another, defending property, making an arrest or preventing escape. Section 35.15 provides that a person is justified in using physical force on another in order to defend himself or a third party from what he reasonably believes to be the use or imminent use of unlawful physical force, to such a degree as the actor reasonably believes is necessary. However, a person is not justified if he provoked the use of such unlawful physical force, or he was the initial aggressor (with an exception for situations where the actor has withdrawn from the encounter and communicated such withdrawal); or the force involved was the result of agreed upon combat not authorized by law.
Here, it must be decided whether or not it was reasonable on the part of the defendant to believe that complainant would attack him even accepting the defendant’s statement that complainant approached him.
The test of whether the defense may be asserted is whether there was reasonable ground for the belief (People v. Taylor, 177 N. Y. 237). Any person who commits violence in his personal defense must not only believe he is in danger but he must in fact have reasonable ground for that belief (People v. Governale, 193 N. Y. 581). It has been said that the question is not merely what did the defendant believe, but what did he have a right to believe (People v. Rodawald, 177 N. Y. 408).
In People v. Regan (107 App. Div. 608) the court held that justification was not a defense where there had been a previous conflict between the two people, but the defendant had no ground *813 to believe that he was in danger. Also in an old case (Matter of Patterson, 3 N. Y. City H. Rec. 145) it was stated that where combat ceased and the aggressor stopped further violence, the person assaulted cannot claim that in renewing the fight, he acted in self-defense.
Justification will not be presumed and must be shown by the defendant, although the burden of proof still rests with the People. (People v. McCarthy, 110 N. Y. 309.) Section 25.00 of the Penal Law requires the People to disprove such defense beyond a reasonable doubt. The defendant has the burden of going forward with evidence to show justifiableness but the People still have the burden of establishing guilt beyond a reasonable doubt (People v. Sandgren, 302 N. Y. 331).
Here, the defendant has attempted to show that the acts charged were justified; however, it does not appear that the facts as presented establish any reasonable ground for believing that the complainant was about to use unlawful physical force upon him. Therefore, justification is not a good defense and the defendant must be found guilty.
A probation report shall be ordered and this matter is set down for sentencing on December 28, 1973.