The opinion of the Court was afterwards delivered to the following effect by
* Parsons, C. J.
The defendants are charged with conspiring to get possession of the chattels of Thomas Pom, then in his shop, to remove them from his shop, and to conceal them from him, under color of authority from the owner to sell them, and that they in fact carried their conspiracy into execution.
The fraudulently obtaining possession of the chattels of Pom, carrying them away, and secreting them, is unquestionably a felony; and the attorney-general very properly admits it. But he has argued that the conspiracy was a complete offence by itself before it was carried into effect, and therefore is not merged in the felony.
We have considered this case, and are of opinion that the misdemeanor is merged. Had the conspiracy not been effected, it might have been punished as a distinct offence; but a contrivance *81 to commit a felony, and executing the contrivance, cannot be punished as an offence distinct from the felony, because the contrivance is a part of the felony, when committed pursuant to it.
The law is the same respecting misdemeanors. An intent to 'commit a misdemeanor, manifested by some overt act, is a misdemeanor ; but if the intent be carried .into execution, the offender can be punished but for one offence.
If the jury had acquitted the defendant of executing the conspiracy, and convicted him of the conspiracy only, sentence might have been passed against him for the misdemeanor, because the' offence is not laid to be done feloniously. But they have found him guilty of acts, which, without doubt, amount to a felony.

Judgment must be arrested.