## SUPREME COURT.

ELKIN, plaintiff in error agt. THE PEOPLE, defendants in
.error.

Where on an indictment for *misdemeanor*, it appears that the offence consists of a
*series of acts*, and a part of the series is a complete misdemeanor, there can be
no *merger in a felony*, and the conviction for a misdemeanor will be sustained,
although the evidence may show the commission of an act of felony.

But where, on such indictment, the act which is the gist of the indictment is a
*single act*, and the evidence shows the commission of a *felony*, the misdemeanor
may be merged in the felony.

*New York General Term, Oct.*, 1862.

INGRAHAM, BARNARD and CLERKE, *Justices.*

By the court, CLERKE, Justice. I. On an indictment
for a misdemeanor, and where the act which is the gist of
the indictment is a single act, and the evidence shows the
commission of a felony, the former may be merged in the
latter; and there are several authorities which maintain
that the prisoner should be acquitted of the misdemeanor,
in order that he may be indicted for the felony. (*Com-
monwealth* agt. *Roby*, 12 *Pick.*, 496, 508; *Same* agt. *Kings-
bury*, 5 *Mass.*, 106; *Rex* agt. *Cross*, 1 *Ld. Raymond*, 711.)
But, where the offence consists of a series of acts, and a
part of the series is a complete misdemeanor, there can
be no merger, and the conviction for a misdemeanor will
be sustained. (*The Queen* agt. *Button*, 63 *Eng. C. L. R.*,
947, 112, *D.* 929.)

In the case under consideration, as well as in the case
to which I have just referred, the indictment was for a
conspiracy, which is a misdemeanor and nothing more,
whatever may have been done by the conspirators in
pursuance of it. Conspiracy may be followed by a series
of overt acts; but the offence is distinct from them, and
complete without them. The misdemeanor of which the
defendant was convicted cannot be made identical with

any felonious act, even if the indictment expressly set forth or the evidence showed that the conspiracy was consummated by a felonious act.

In the words of Lord DENMAN, in *The Queen* agt. *Button*, we are of opinion that this conviction for a misdemeanor ought to be sustained, even if the evidence proving it proved also that it was part of a felony, and that such felony had been completed.

II. The indictment contains all necessary words to make it conform to the legal definition of the offence. It alleges a conspiracy, and then sets forth that the conspirators, well knowing that Laube was not guilty of the offence which they charged against him, they procured one Josephine Westerdoff to appear before a police justice and falsely swear, &c.

The counsel for the prisoner objects, that the words "falsely and maliciously" are in the wrong place, as they precede and relate exclusively to the conspiracy, and do not, in any degree relate or attach to the object of the conspirators—the arrest. If these words were absolutely indispensable at all, the counsel would probably be right; it was not necessary that they should precede and relate to the conspiracy, which would be sufficiently alleged without them; and as to the purpose—the arrest—the falsity and malice of this are sufficiently shown by stating, that the conspirators well knew that he was not guilty of the offence. The statement of this fact is much more effective and satisfactory than if the words averring falsity and malice were employed, without this statement; and to employ them, in addition to the statement of their knowledge of Laube's innocence, would be superfluous. So that the indictment could dispense altogether with the words complained of; and their insertion in any part of the indictment does not vitiate it. They are only harmless surplusage.

The judgment should be affirmed.