I dissent from the affirmance of the judgment in this case, and vote for reversal for the reasons stated by Mr. Justice GAYNOR in People v. Rothstein (42 Misc. Rep. 123), delivered upon granting the stay of proceedings herein.

Judgment affirmed.

# County Court, Madison County.

June, 1904.

## THE PEOPLE v. LEWIS V. RATHBUN ET AL.

(44 Misc. 88.)

1. INDICTMENT—CONSPIRACY TO DEFRAUD—CODE CRIM. PRO. SEC. 276.

Conspiracy is an offense known to the common law, and where an indictment specifically charges that crime, the indictment is not demurrable under Code Crim. Pro. Sec. 276, requiring an indictment to name the crime.

2. SAME—DESCRIPTION OF CRIME.

An indictment which alleges that the defendants, individually and as officers of both the companies hereinafter named, conspired to cheat and defraud the Rathbun-Sawyer Co. by drawing drafts and checks against it in their favor or in favor of some or all or each of them, and in favor of the Gulf Milling Co. representing indebtedness due from the said Rathbun-Sawyer Co., and procured the checks and drafts to be cashed, when, as the defendant knew, no such indebtedness existed, and that thereby the Rathbun-Saw-

yer Co. was defrauded of $20,000 which the defendants appropriated to their own use or to the use of persons to the jury unknown, other than the true owners thereof, is sufficient, as the unlawful agreement is alleged, as well as the doing of an overt act in furtherance of, and to carry out the agreement.

3. SAME.

The indictment need not set· out checks and drafts. It does not charge more than one crime merely because, after stating the crime, it alleges the acts done to effectuate the object of the conspiracy.

4, SAME.

As the people are required by law to establish, not only the conspiracy, but also to charge and prove the commission, by one or more of the conspirators, of some overt act to effect the object of the conspiracy, the allegation, in the indictment, of the overt act that the defendants appropriated $20,000—not sufficiently alleged in the indictment, as appears therefrom, to set forth the felony of grand larceny and procure a conviction for that crime—cannot be permitted to effect a merger of the conspiracy in the felony and thereby prevent a prosecution for the conspiracy.

DEMURRER to the indictment.

M. H. Kiley, district attorney, for people.

Wayte & Bonsted, for the defendants.

SMITH, J.

The indictment accuses the defendants of the crime of conspiracy.

The defendants demur to the indictment on the following grounds:

First. The indictment does not describe the crime mentioned in the Penal Code sufficiently to identify the same.

Second. The facts stated in the indictment do not constitute a crime.

Third.   The indictment does not conform substantially to the requirement of sections 275 and 276 of the Code of Criminal Procedure, in that the acts constituting the crime are not sufficiently set forth.

Fourth.   The checks and drafts referred to on the face of the indictment are not sufficiently set forth and described; no overt act, pursuant to the conspiracy, is sufficiently alleged.

Fifth.   That more than one crime is charged in the same count, to wit, conspiracy and grand larceny in the first degree.

Sixth.   That the misdemeanor of conspiracy is merged in the offense of grand larceny.

Seventh.   The name of the crime charged is inconsistent with, and not supported by, the facts stated in the indictment.

Section 276 of the Code of Criminal Procedure requires the indictment to name the crime with which the defendant is accused, if it have one, such as treason, murder, arson, manslaughter or the like, or if it be a misdemeanor having no general name such as libel, assault or the like, insert a brief description of it as it is given by statute.

Conspiracy is an offense known to the common law.   2 Russ. Cr. 673, and cases there cited, 4 Black. Comm. 162. Before the adoption of the Penal Code, the Revised Statutes also made certain conspiracies of two or more persons a misdemeanor.   2 Rev. Stat. 962, § 8; 1 Wheel. Cr. Cas. 150–222.   And section 168 of the Code defines the offense and provides what acts shall constitute it.

Therefore, I think the indictment sufficiently names the crime with which the defendants are accused.   The indictment accuses them of an offense which has a name, and is well known and understood under our law, and at the commencement of the indictment the defendant is informed of the offense of which he is accused.

The indictment alleges that the defendants committed the crime of conspiracy as follows:

That they on the 1st day of January, 1900, at Oneida, Madison county, N. Y., and from that time continuously and down to the 1st day of March, 1903, did individually, and as officers of a domestic corporation, located at Oneida, to wit, The Rathbun-Sawyer Company, and individually, and as officers of a domestic corporation known as The Gulf Milling Company, knowingly, wickedly and intentionally conspire together to cheat and defraud the said Rathbun-Sawyer Company, out of its money and property; and the said defendants so conspiring, by means of drawing and procuring to be cashed checks and drafts against the Rathbun-Sawyer Company, in favor of the said Gulf Milling Company, or in favor of the said Mary E. Rathbun, Lewis V. Rathbun and Alonzo S. Rathbun, some, or all, or each of them, which said checks so drawn as aforesaid by the said Lewis V. Rathbun, as president of the Rathbun-Sawyer Company, were intentionally, knowingly, and wrongfully represented and stated to be so drawn to pay an indebtedness of the Rathbun-Sawyer Company to the said Gulf Milling Company or to the said defendant Mary E. Rathbun or to the said Lewis V. Rathbun, when in truth and in fact no such indebtedness existed against the said Rathbun-Sawyer Company, in favor of the said Gulf Milling Company, or in favor of either of the defendants, as the defendants well knew, thereby cheating and defrauding the said Rathbun-Sawyer Company and the stock-holders thereof, out of $20,000, which the defendants appropriated to their own use, or to the use of persons to the jury unknown, other than the true owners thereof.

By section 168 of the Penal Code, if two or more persons conspire.

"1. To commit a crime. * * *.

"4. To cheat and defraud another out of property, by

any means which are in themselves criminal, or which, if executed, would amount to a cheat, or to obtain money or any other property by false pretenses;  *  *  *  Each of them is guilty of a misdemeanor."

By section 171 of the same Code, no agreement except to commit a felony upon the person of another, or to commit arson or burglary amounts to conspiracy, unless some act beside such agreement be done to effect the object thereof, by one or more of the parties to such agreement.

It has been always held to be the law that the gist of the offense of conspiracy is the bare engagement and association to break the law, whether any act be done in pursuance thereof by the conspirators or not. But under our statutes a conspiracy, that is, the entering into the confederation merely, is not an indictable offense, except when the agreement by its terms is to commit a felony upon the person of another, or to commit arson or burglary, unless some overt act beside such agreement is done to effect the object thereof.

The indictment alleges that the defendants conspired to cheat and defraud the Rathbun-Sawyer Company, by drawing drafts and checks against said company, in favor of each of the defendants. and in favor of the Gulf Milling Company, representing indebtedness due from said Rathbun-Sawyer Company, and procuring such checks and drafts to be cashed, when, as the defendants knew, no such indebtedness existed. The indictment further alleges that the defendants drew such drafts and checks and procured them to be cashed. No further or other allegations were necessary to make the crime of conspiracy complete. The unlawful agreement being thus alleged, as well as the doing of some overt act in furtherance of, and to carry out such agreement, no further allegations were necessary. People v. Everest, 51 Hun, 19.

Another ground of demurrer is that the indictment does

not conform to the requirements of sections 275 and 276 of the Code of Criminal Procedure, in that the acts constituting the crime are not sufficiently set forth. The suggestions before made apply to this question, and if the conclusions already reached are correct, no further suggestions in answer to this ground of demurrer are necessary.

I do not think it was necessary to set out in the indictment the checks and draft alleged to have been drawn in furtherance of the agreement or combination. As before stated, the offense of conspiracy, as defined by the statute, consists of a combination of two or more individuals to commit a crime, or to do some one of the other acts mentioned in section 168 of the Penal Code. One leading principle in the law relating to conspiracy is that the unlawful agreement constitutes the gist of the offense; and when the nature and object of the conspiracy are properly charged in the indictment, the other allegations should be limited to a statement of the means adopted by the accused to carry out the conspiracy, and the overt act committed by them to effect the purpose intended. It can hardly be said that the checks and drafts which the alleged conspirators intended or agreed to draw should be set out in the indictment; indeed, it would be impossible to state with any certainty just what checks and drafts they intended or agreed to draw, or to give a description of them in the indictment. It would be an offense for them to agree to draw the checks and drafts, with the intent and for the purpose alleged, and when they did any overt act in furtherance of that agreement, the crime would be complete. The overt act is stated to be the drawing of checks and drafts under that agreement or combination, and procuring the money thereon. In other words, the nature and object of the combination, to wit, drawing checks and drafts on the Rathbun-Sawyer Company, to cheat and defraud that company, is explicitly, and I think properly, stated in the indictment, and the other

necessary allegations, to wit, the drawing of the checks and drafts, should, or properly can be limited to a statement of the means adopted by the accused to carry out the conspiracy, a statement of the overt acts committed by them to effect the purpose intended. The indictment sets forth such means and overt act. It charges that the defendants drew checks and drafts and procured the money thereon, thus adding sufficient to make the combination, which as before seen is the gist of the offense, a complete crime under our statutes. Under these allegations the checks and drafts can be admitted as evidence in support of the allegations. People v. Mather, 4 Wend. 230, 264.

An indictment for conspiracy to cheat and defraud has been held sufficient without averring the means to be used. Schultz Case, 5 C. H. Rec. 112. But see also March v. People, 7 Barb. 391; People v. Willis, 14 N. Y. Crim. 414. I think this indictment sets forth the means intended to be used.

I do not think more than one crime is charged in the indictment. The crime charged is conspiracy, and what the defendants are alleged to have done is intended as a statement of the acts done by the defendants to effect the object of the conspiracy. People v. Everest, supra.

The question as to whether, under the allegations of the indictment, the offense of conspiracy is merged in the offense of grand larceny is, as I view it, the most serious question presented by the demurrer. It will be observed that the indictment does not sufficiently allege the crime of grand larceny. It is not a good indictment for that offense. The allegations that the defendants obtained the money on the checks and drafts and appropriated it to their use or to the use of persons to the jury unknown evidently were intended to make the offense of conspiracy complete, as required by section 171 of the Penal Code Doubtless it was not necessary to allege these facts. In other words,

proper allegations of the combination to draw the checks and drafts and of the drawing of them for the purpose and with the intent stated would be sufficient allegation of the crime of conspiracy, under sections 168 and 171 of the Penal Code. It is well settled that a conspiracy to commit a misdemeanor is not merged in the misdemeanor, the result of the conspiracy when committed. In People v. Mather, 4 Wend. 265, Marcy, J., says : "It is supposed that a conspiracy to commit a crime is merged in the crime when the conspiracy is executed. This may be so where the crime is of a higher grade than the conspiracy and the object of the conspiracy is fully accomplished." Under the law, at the time of that decision, it was the illegal agreement that constituted the crime; when that was concluded the crime was perfect, and the conspirators could be convicted if the crime was proved. It was not necessary to prove any overt act toward the accomplishment of the object of the conspiracy. It was not necessary that such act be performed. People v. Johnson, 10 N. Y. Crim. 531.

In People v. Petersen, 15 N. Y. Crim. 421, Rumsey, J., says . "Whatever may be the rule when it is made to appear that a felony has been committed in pursuance of an agreement between certain parties to do it, so that they have been guilty of a conspiracy before the felony is perpetrated, as to which we say nothing, it is quite clear that when the conspiracy is to commit a certain forbidden act, which may or may not be a crime, the fact that the parties engaged in the conspiracy happen, in the completion of it, to do some other act incidental to and not necessarily involved in it, but which renders them liable to a conviction for felony, does not operate as a merger of the crime of conspiring to commit the forbidden act in it. The only case in which one crime can be merged in another (if it can be merged then) is where the illegal agreement was to do the

very thing which is finally done, and which, being finally done is another crime of a greater degree."

In Johnson v. State, 26 N. J. Law, 313, the Supreme Court held, on an indictment for conspiracy, that the defendants might be convicted, although it appeared that they had accomplished the crime of committing perjury.

As before seen, under our statutes, to make the crime of conspiracy complete (except as is stated in section 171 of the Penal Code) some act beside the agreement must be done to effect the object thereof. The gist of the crime being the prohibited combination, is it possible that the crime of conspiracy is destroyed, because the conspirators actually accomplished the object for which the conspiracy was formed? Is the crime of conspiracy any less because the object was accomplished? The People must be prepared not only to establish the combination, they must also prove the doing by some one or more of the conspirators of some overt act to effect the object thereof. And in making such proof, if it should appear that the overt act resulted in carrying out or doing the crime for which the combination was formed, and that crime was a felony, does it follow that the defendants could not be convicted of the lesser offense of conspiracy? I think not; and especially where the indictment does not sufficiently allege the felony to warrant a conviction of that crime, and where it is apparent that the allegations on that subject were simply to make the crime of conspiracy complete. I have not overlooked the case of People v. McKane, 31 Abb. N. C. 176, nor the case of People v. Willis, 24 Misc. Rep. 537. In the former case, Justice Bartlett cites the case of Commonwealth v. Kingsbury, 5 Mass. 106, where the Supreme Court of Massachusetts held that a conspiracy to commit a felony which had actually been committed could not be punished as an offense distinct from the felony. That case also held that the same

rule applied to an executed conspiracy to commit a misdemeanor. The latter doctrine hat not only not received the sanction of the courts, but has been expressly disapproved in several cases. Jndge Bartlett states that there is a tendency to abandon the strict technical rule of merger in England and in some of the States, and it appears to have been actually abandoned in Massachusetts. Commonwealth v. Walther, 109 Mass. 309. Judge Bartlett. also refers to Elkin v. People, 28 N. Y. 177. It was not necessary for the court to decide in that case nor did the court decide as to whether the rule of merger contended for ought to prevail or not, but the court held that as no felony was established by the proof no merger of the misdemeanor in it did or could take place. I think this case tends to support the conclusion which I have reached, that as the indictment does not sufficiently set forth the crime of grand larceny, and was not intended thus to do, that there could be no conviction of that offense, and hence there could be no merger. In the case of People v. Wicks, 11 App. Div. 545, Hardin, P. J., in writing the opinion of the court, refers to the case of People v. McKane, 143 N. Y. 455, with the remark that it seems to be an authority for saying that where there is a conspiracy to commit a crime and the crime committed is a felony, the conspiracy merges in the felony so as to prevent a prosecution for the conspiracy itself. In that case the court was not called upon to, and apparently did not attempt to, decide that question.

I am unable to find any case which, under the law as it now exists, and under the indictment here presented, I regard as an authority holding that there is a merger of the conspiracy in the felony. Indeed, the substance of the decision in case of the People v. Willis, 24 Misc. Rep. 537, above referred to, so far as it has any bearing upon the question being considered, I regard as an authority against

the doctrine contended for by the defendants.   It holds that an overt act is necessary to constitute the crime and misdemeanor of conspiracy; the indictment must allege one or more overt acts; and where several overt acts are charged, as steps taken by the accused in consummation of the conspiracy but none of the said acts is charged as, or amounts necessarily to, a felony, the indictment is not demurrable, as charging more than one crime.

Under the two sections referred to, defining conspiracy, and requiring proof of the overt act, I feel confident that the former holdings concerning merger should be restricted in their application.   I very greatly doubt there being any merger in the higher crime, if the higher crime, the object of the conspiracy, was actually accomplished.   The People might not be able to prove the higher crime so as to secure a conviction, while they could prove the conspiracy to commit it, · and some overt act tending to its commission, in which case, if the doctrine contended for by the defendants is to prevail, the accused, however guilty, might go unpunished.   I do not think such a construction should be given to the sections under which the indictment in this case was found, nor such a rule upheld by the courts.   But whatever the courts may say upon this question, when it shall be necessary to pass upon it, I feel constrained to hold that, so far as the question is presented by the indictment in this case, there is no merger, because the crime of grand larceny is not sufficiently alleged, and there could be no conviction of that crime under the indictment.   The crime of grand larceny is not attempted to be set forth, and whatever there is tending to allege that offense are merely allegations of overt acts to make the crime of conspiracy, for which the indictment is found complete.

There are some defects, largely, if not wholly clerical, which probably can be amended, under section 293 of the

Code of Criminal Procedure, without prejudice to the rights of the defendants.

An order overruling the demurrer may be prepared.

Demurrer overruled.