(82 Misc. Rep. 174.)

## PEOPLE v. DUNBAR CONTRACTING CO. et al.

### SAME v. ETNA CONST. CO. et al.

(Supreme Court, Special Term, Rockland County.    September 18, 1913.)

1. CONSPIRACY (§ 43*)—INDICTMENT—SHOWING OTHER OFFENSE.

   An indictment charging conspiracy to cheat and defraud, which sets out the acts, devices, and schemes employed in the conspiracy, is not invalid and is not subject to demurrer simply because the facts alleged constitute larceny or other crimes.

   [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99;  Dec. Dig. § 43.*]

2. INDICTMENT AND INFORMATION (§ 125*)—DUPLICITY—CONSPIRACY.

   An indictment charging conspiracy to cheat and defraud the state by defective and dishonest work, by failure to furnish materials as required by contract, and by false and fraudulent statements and representations in regard to such work and materials charges only a single crime.

   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400;  Dec. Dig. § 125.*]

3. CRIMINAL LAW (§ 627½*) — TRIAL — INSPECTION OF MINUTES OF GRAND JURY.

   The defendant in a criminal prosecution is not entitled to the minutes of the grand jury in order to enable him to prepare for trial;  the only ground upon which a motion to inspect the minutes of the grand jury can be granted is to enable the defendant to move to set aside the indictment upon one or more of the statutory grounds.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435;  Dec. Dig. § 627½.*]

4. CRIMINAL LAW (§ 627½*)—TRIAL—INSPECTION OF MINUTES OF GRAND JURY.

   That an alleged Special Deputy Attorney General appeared before the grand jury while evidence was being taken and participated in the prosecution of the cases is not sufficient ground for a motion to inspect the minutes of the grand jury for the purpose of moving to set aside the indictment, where it is admitted that he did so appear, as nothing would be gained by the inspection.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435;  Dec. Dig. § 627½.*]

5. CRIMINAL LAW (§ 627½*)—TRIAL—INSPECTION OF MINUTES OF GRAND JURY.

   A motion to inspect the minutes of the grand jury will not be granted to support a motion to dismiss the indictment on the ground that the district attorney improperly advised the grand jury, where the allegations of the moving affidavits are based on hearsay and surmise and the court cannot determine therefrom whether such advice was given or acted upon.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435;  Dec. Dig. § 627½.*]

6. CRIMINAL LAW (§ 627½*)—TRIAL—INSPECTION OF MINUTES OF GRAND JURY.

   Inspection of the minutes of the grand jury will not be granted to enable the defendant to ascertain whether grounds exist for a motion to dismiss the indictment;  such inspection will only be allowed to support a motion to dismiss the indictment upon grounds shown by the moving papers to actually exist, or facts from which a good ground may be inferred.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435;  Dec. Dig. § 627½.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
143 N.Y.S.—22

7. GRAND JURY. (§ 41*)—SECRECY AS TO PROCEEDINGS.

    The secrecy of the proceedings before the grand jury are always zealously guarded and preserved in order to promote freedom in the disclosure of crimes, to prevent perjury and subornation of perjury by the accused in attempting to disprove the evidence by false testimony, and to avoid the danger of the accused's escaping before being arrested.

    [Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 86, 87; Dec. Dig. § 41.*]

The Dunbar Contracting Company and others and the Etna Construction Company and others were indicted on two separate indictments for conspiracy to cheat and defraud by criminal means and false pretenses. On demurrers to the indictments, and motions to permit inspection of the minutes of the grand jury. Demurrers and motions overruled.

Thomas Gagan, Dist. Atty., of Haverstraw, for the People.

Mortimer B. Patterson, of Nyack (William T. Jerome, of New York City, of counsel), for defendants Dunbar Contracting Co. and others.

Benjamin Levison, of Nyack, for defendants Etna Const. Co. and others.

TOMPKINS, J. [1] The demurrers to the indictments are overruled. They charge the defendants with the crime of conspiracy to cheat and defraud the state of New York out of money by criminal means and false pretenses, and they set forth in detail the acts, devices and schemes alleged to have been committed and employed by the defendants in planning and consummating the conspiracy and the fact that these acts, devices, and schemes may have constituted other and distinct crimes does not invalidate the indictment, nor is it good ground for demurrer that the indictment alleged facts constituting the crime of larceny. The defendants may be indicted and convicted of a conspiracy to commit the crime of larceny, even though the conspirators accomplished their purpose and feloniously got the state's money.

[2] The indictments charge but a single misdemeanor, namely, a conspiracy to cheat and defraud the state out of its money by defective and dishonest work, and a willful failure to furnish materials required by certain contracts which the defendants the Etna Construction Company and the Dunbar Contracting Company had with the state, and by means of false and fraudulent statements and representations in respect to the said work and materials.

[3] The defendants move for an inspection of the minutes of the grand jury for use upon a motion or motions to dismiss the indictments. It is well settled that the defendants are not entitled to the minutes to enable them to prepare for trial, and that the only ground upon which a motion of this kind can be granted is to enable the defendants to move to set aside the indictments upon one or more of the grounds given by the statute for such a motion.

Section 313 of the Code of Criminal Procedure provides when an indictment may be set aside by the court. First. When it is not

found, indorsed, and presented as prescribed in sections 268 and 272. Second. When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections 262, 263, and 264. These are the only statutory grounds given for a motion to dismiss an indictment that have any application to these cases. The Court of Appeals, however, has held that the court has inherent power "to set aside indictments whenever it appears that they have been found without evidence or upon illegal or incompetent testimony." The defendants, on these motions, assert that motions to dismiss these indictments are contemplated and will be made in good faith; but the only specific ground stated in the affidavits for such a motion is that one Peter P. Smith, an alleged Special Deputy Attorney General, was constantly in attendance at the sessions of the grand jury that found these indictments, and that he was not one of the persons permitted to be present by the statute.

[4] It is undisputed that the said Peter P. Smith was present before the grand jury while these cases were under consideration and testimony was being taken, but not during the expression of opinions by the grand jurors or the giving of their votes upon the question of these indictments, and there is no claim that he was present at such times. His presence before the grand jury while testimony was being taken, and his participation in the presentation of the cases to the grand jury, is justified by the district attorney by undisputed proof that said Smith was duly designated as a Special Deputy Attorney General by the Attorney General of the state to assist in the prosecution of these cases, and that he duly qualified as such Special Deputy Attorney General before he undertook the work, and besides, before the said Smith attended upon said grand jury, the district attorney, pursuant to section 264 of the Code of Criminal Procedure, duly nominated him in writing to attend upon the said grand jury, to assist in the investigation of these cases, and upon such nomination he was duly appointed by Hon. Isaac M. Kapper, the justice of the Supreme Court who presided at the term of the court for which the said grand jury was summoned, and at which said indictments were found, to attend upon said grand jury as an assistant to the said district attorney. So that the presence of the said Peter P. Smith before the grand jury is admitted on this motion, and therefore the minutes are not required to enable these defendants to make their contemplated motions upon that ground. The minutes can show no more with respect to the appearance of Mr. Smith before the grand jury than is admitted by the district attorney upon this motion. In other words, there is no question but that Mr. Smith did appear before the grand jury and examine the witnesses and take part in the investigations that resulted in the finding of these indictments; and, if his appearance was unauthorized, the defendants may make their motions upon that ground, and they do not need, for that purpose, the minutes of the grand jury.

[5] The only other ground upon which a motion to dismiss the indictments can be properly based is that they were not found, indorsed,

and presented as prescribed in sections 268 and 272 of the Code of Criminal Procedure. The defendants claim, in that respect, that the district attorney incorrectly and improperly advised the grand jurors that they could not reconsider their vote, by which these indictments had been ordered, before the indictments were physically before the grand jury and actually signed by the foreman. The allegations in the defendant's moving affidavits are only hearsay and surmises. No fact is stated or information given from which the court can determine that any such advice or instruction was given to the grand jury or followed by that body. The allegations and conclusions of the affidavits made by the defendant's attorney are based solely upon rumors and inferences that are not justified by any statement of fact.

[6] It is well settled that the court will not allow an inspection of the minutes of the grand jury to enable a defendant to ascertain whether or not grounds exist for a motion to dismiss an indictment, but only to support a motion that may be made upon grounds shown by the moving papers to actually exist or facts from which a good ground may reasonably be inferred.

[7] The secrecy of proceedings before the grand jury has always been zealously guarded and preserved, both at common law and under the statutes of this state. The reasons therefor have been well stated as follows:

"The reasons on which the sanction of secrecy which the common law gives to proceedings before grand juries is founded are said in the books to be threefold. One is that the utmost freedom of disclosure of alleged crimes and offenses by prosecutors may be secured. A second is that perjury and subornation of perjury may be prevented by withholding the knowledge of facts testified to before the grand jury, which, if known, it would be for the interest of the accused or their confederates to attempt to disprove by procuring false testimony. The third is to conceal the fact that an indictment is found against a party, in order to avoid the danger that he may escape and elude arrest upon it, before the presentment is made." Commonwealth v. Mead, 12 Gray (Mass.) 167, 71 Am. Dec. 741.

It is for these reasons that the rule has been laid down in this state that a defendant shall not in any event be permitted to inspect the minutes of the grand jury to enable him to prepare for trial, or to use, as the basis of a motion to dismiss the indictment, unless the motion papers upon which an inspection is asked clearly disclose statutory grounds for such a motion, and unless it reasonably appears that the minutes asked for will show grounds for such a motion.

The motion papers upon these motions are not sufficient to justify the court in granting an inspection of the minutes, and the motions will therefore be denied.