Court of Gen. Sessions, N. Y. County, December, 1917.    [Vol. 101.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
MAURICE ROSE, Defendant.

(Court of General Sessions of the Peace in and for the County
of New York, December, 1917.)

Indictment — when motion to dismiss, denied — evidence — motions and
orders — divorce — depositions — criminal law.

> Where, upon a motion made after the inspection of the
> grand jury minutes to dismiss an indictment charging that
> defendant conspired with certain persons, naming them, to
> prevent the due course of law and justice and to give and
> cause to be given false testimony in a divorce action then
> pending in the courts of a sister state, and the indictment
> sets forth certain overt acts alleged to have been committed to
> effect the object of the conspiracy, and the evidence though
> failing to disclose concerted action between all the parties
> named does show concerted action between defendant and
> one or more of the other parties, the motion will be denied.

> The act of one of said persons in making a false deposi-
> tion before a commissioner appointed by the court in which
> the divorce action was pending not being the ultimate object
> of the conspiracy, there was no merger thereof in the felony
> committed by the one making the false deposition.

MOTION made after an inspection of the grand jury
minutes to dismiss an indictment for conspiracy
returned against the defendant only, which was filed
on the 29th day of June, 1917.

Max D. Steuer, for motion.

Edwin P. Kilroe, deputy assistant district attor-
ney, in opposition.

NOTT, J.   The indictment, after alleging that prior
to the 3d day of July, 1914, there was pending in one
of the District Courts of the state of Minnesota an

action by this defendant against Bertha Rose, his wife, to procure a divorce on the ground of adultery and cruel and inhuman treatment, proceeds to allege that the defendant conspired with Charles Baker, Louis Baker, David A. Shook, William Scheiler, Samuel Schleman and Lester L. Roos, to prevent the due course of law and justice and to give and cause to be given false testimony in the said action then pending in the state of Minnesota. The indictment then sets forth certain overt acts alleged to have been committed to effect the object of the conspiracy, namely, the procurement of a false affidavit from Scheiler, a similar one from Edward Shork; the leaving of this state by the defendant and his going to the state of Minnesota, and there filing the said affidavits, and the causing and procuring of Scheiler, Schleman, Roos and Shook to make false depositions before a commissioner appointed by the District Court of Minnesota to take testimony in the divorce action.

The defendant now moves to dismiss the indictment upon the grounds that the overt acts are not such as to effect the objects of the conspiracy and that the overt acts were not proved to have been committed in the course of the conspiracy between the defendant and the people who committed the acts.

It must be kept in mind that if the testimony proved one overt act and the conspiracy between the defendant and one other person, the motion cannot be granted even though all the alleged overt acts were not proved and a conspiracy was not proven between the defendant and all the persons named as conspirators. *People* v. *Everest,* 51 Hun, 19. If this indictment had been found against all of the alleged conspirators, it is very likely that the proof might fail to show that some of them were parties to the conspiracy; but the indictment is against the defendant alone, alleging his

Surrogate's Court, Bronx County, December, 1917. [Vol. 101.

conspiracy with several others and if the proof shows that he conspired with one other it is sufficient. In my opinion the procuring of the affidavits of Shook and Scheiler constituted overt acts, even though the affidavits would not have been made the basis of an indictment for perjury. *People* v. *Sheldon,* 139 N. Y. 251.

While the point is well taken that the evidence fails to disclose concerted action between all of the parties named, in my opinion it does disclose concerted action between the defendant and one or more of them.

As to the point made that the deposition of Shook before the commissioner was not an act done toward the effecting of a crime, but is of itself the consummated felony, that contention would be sound did the indictment allege that the object of the conspiracy was merely to procure the false deposition of Shook. The indictment, however, alleges that the object of the conspiracy was to obstruct the due course of law and justice in the action in the state of Minnesota, and the causing of false testimony to be given in the said action. The act, therefore, of Shook not being the ultimate object of the conspiracy, I do not think there is a merger of the conspiracy in a felony committed by Shook. See *People* v. *Petersen,* 60 App. Div. 118.

For the reasons above stated the motion to dismiss the indictment is denied.

Motion denied.