THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* LOUIS TAVORMINA, JOSEPH M. COHEN, J. VINCENT LABATE, ARTHUR F. BEYERLE, BENEDETTO A. PALUMBO, WILLIAM BAILEY, GENNARO ASCIONE, GEORGE ZINITI, MICHAEL F. LONGO, JACOB ADELMAN, AMLETO SAFINA, JOSEPH PALMENTERI and EMANUEL BOBKER, Respondents.

(Argued June 1, 1931; decided July 15, 1931.)

*William F. X. Geoghan, District Attorney (Henry J. Walsh* of counsel), for appellant. The conspiracy charged in the indictment was not merged into the felonious acts

alleged to have been committed in its furtherance. (*Lambert* v. *People*, 9 Cow. 578; *Elkin* v. *People*, 28 N. Y. 177; *Commonwealth* v. *Kingsbury*, 5 Mass. 106; *Commonwealth* v. *Walker*, 108 Mass. 309; *Commonwealth* v. *Andrews*, 132 Mass. 263; *Commonwealth* v. *Stuart*, 207 Mass. 563; *Commonwealth* v. *Dow*, 252 Mass. 116; *Commonwealth* v. *Marsino*, 252 Mass. 224; *People* v. *McKane*, 7 Misc. Rep. 478; *People* v. *Mather*, 4 Wend. 229; *People* v. *Wiechers*, 94 App. Div. 19; 179 N. Y. 459; *People* v. *Petersen*, 60 App. Div. 118; *People* v. *Miles*, 123 App. Div. 862; 192 N. Y. 541; *People* v. *Connolly*, 227 App. Div. 167; 253 N. Y. 330; *People* v. *Rose*, 101 Misc. Rep. 650; *People* v. *Rathbun*, 44 Misc. Rep. 88; *Johnson* v. *People*, 26 N. J. L. 313; *Berkowitz* v. *United States*, 93 Fed. Rep. 452; *Clune* v. *United States*, 159 U. S. 590; *United States* v. *Stevenson*, 215 U. S. 190; *Heike* v. *United States*, 227 U. S. 131; *United States* v. *Rabinowich*, 238 U. S. 78.)

*Thomas Cradock Hughes* for Louis Tavormina, respondent. An indictment will not lie for the misdemeanor of conspiracy when the conspiracy in question has resulted in the commission of a felony which was the object of the conspiracy. (*United States* v. *Gardner*, 42 Fed. Rep. 829; *Commonwealth* v. *Kingsbury*, 5 Mass. 106; *Commonwealth* v. *Andrews*, 132 Mass. 263; *People* v. *McKane*, 7 Misc. Rep. 478; *Lambert* v. *People*, 7 Cow. 573; *People* v. *Mather*, 14 Wend. 229; *Elkin* v. *People*, 28 N. Y. 177; *People* v. *Thorn*, 47 N. Y. Supp. 46; *People* v. *Wiechers*, 94 App. Div. 19; *People* v. *Petersen*, 60 App. Div. 118; *People* v. *Rose*, 101 Misc. Rep. 650; *People* v. *Rathbun*, 44 Misc. Rep. 88.)

*Caesar B. F. Barra* and *Ralph J. Barra* for Gennaro Ascione, respondent. The conspiracy charged in the indictment was merged into the felonious acts alleged to have been committed in its futherance. (*Elkin* v. *People*, 28 N. Y. 177; *Lambert* v. *People*, 9 Cow. 578; *People* v.

*Mc Kane*, 7 Misc. Rep. 478; *People* v. *Thorn*, 21 Misc. Rep. 130; *People* v. *Mather*, 4 Wend. 229; *People* v. *Coney Island Jockey Club*, 68 Misc. Rep. 302; *Commonwealth* v. *Andrews*, 132 Mass. 263; *People* v. *Rathbun*, 44 Misc. Rep. 88; *People* v. *Miles*, 123 App. Div. 862; *Ritchey L. Corp.* v. *Robertson Cole D. Corp.*, 199 App. Div. 362; *Pecue* v. *Collins*, 204 App. Div. 142; *Graff* v. *People*, 208 Ill. 322; *People* v. *Petersen*, 60 App. Div. 118; *People* v. *Palmisano*, 132 Misc. Rep. 244.)

*William M. Smith* and *Martin Lippman* for Joseph M. Cohn, respondent. Felonious larcenies, the ultimate object of the conspiracy, having been executed, the misdemeanor charge of conspiracy merged in the executed felonies. (*People* v. *Wiechers*, 94 App. Div. 19; *People* v. *Coney Island Jockey Club*, 68 Misc. Rep. 302; *People* v. *Thorn*, 21 Misc. Rep. 130; *Elkins* v. *People*, 28 N. Y. 178; *People* v. *Mc Kane*, 7 Misc. Rep. 478; *People* v. *Petersen*, 60 App. Div. 118; *People* v. *Rathbun*, 44 Misc. Rep. 88; *People* v. *Willis*, 24 Misc. Rep. 537; *People* v. *Rose*, 101 Misc. Rep. 650; *People* v. *Palmisano*, 132 Misc. Rep. 244; *People* v. *Dunbar Contracting Co.*, 82 Misc. Rep. 174; *Lambert* v. *People*, 9 Cow. 579; *State* v. *Setter*, 57 Conn. 461.)

*Michael F. Longo* for Bendetto A. Palumbo et al., respondents. A conspiracy to commit a felony is merged in the felony when the object of the conspiracy has been attained by the conspirators, so as to bar a prosecution for the conspiracy. (Penal Law, § 580; *People* v. *Mc Kane*, 7 Misc. Rep. 478; *People* v. *Coney Island Jockey Club*, 68 Misc. Rep. 302; *People* v. *Wicks*, 11 ₁pp. Div. 539; *People* v. *Thorn*, 21 Misc. Rep. 131; *People* v. *Petersen*, 60 App. Div. 118; *Elkin* v. *People*, 28 N. Y. 177; *People ex rel. Lawrence* v. *Brady*, 56 N. Y. 182; *People* v. *Suffolk Co.*, 171 App. Div. 645; *Green* v. *Davies*, 100 App. Div. 359; *People* v. *Miles*, 123 App. Div. 862; *Hoyt* v. *People*,

140 Ill. 588; *State* v. *Setter*, 57 Conn. 461; *People* v. *Mather*, 4 Wend. 229; *United States* v. *Garder*, 42 Fed. Rep. 829; *Berkowitz* v. *United States*, 93 Fed. Rep. 452.)

HUBBS, J.   The defendants were indicted in the county of Kings for the crime of conspiracy.   (Penal Law, § 580.) Demurrers were filed to the indictment and were sustained upon the ground that the indictment charged a misdemeanor, that the overt acts set out therein alleged that the conspiracy charged resulted in the commission of felonies, and that the misdemeanor merged in the felonies The indictment charges that the defendants unlawfully conspired to cheat the City Trust Company, the Atlantic State Bank and the Harlem Bank of Commerce out of money and property.   It alleges in various ways the methods employed to accomplish such result.   It sets out many overt acts by which the conspiracy was consummated.   The overt acts alleged indicate that, in carrying out the conspiracy, the defendants committed other acts which constituted felonies.   The learned trial justice, in sustaining the demurrers, followed the dictum delivered in the case of *Lambert* v. *People* (9 Cow. 578), to the effect that an indictment which charges an executed conspiracy to commit a crime is fatally defective, as the conspiracy is absorbed or merged in the actual commission of the crime and the indictment should be for the crime actually committed.   That was the first expression of judicial opinion upon the subject in this jurisdiction.   It was stated that the principle applied if the crime charged to have been committed as a result of a conspiracy was a misdemeanor.   Three years later the case of *People* v. *Mather* (4 Wend. 229, 265) stated: " a conspiracy is only a misdemeanor, and when its object is only to commit a misdemeanor it cannot be merged.   Where two crimes are of equal grade there can be no legal technical merger."

This court has never definitely passed upon the ques-

tion and it is at liberty to adopt a rule which is in accord with sound public policy, and which will promote the ends of justice and be conducive to efficient enforcement of the criminal law.

Since the opinion in *Lambert* v. *People* (*supra*) there have been statements made in opinions by eminent judges in this State expressing approval of the principle there stated. (*People* v. *Fish*, 4 Park. Crim. Rep. 206, 212; *People* v. *Wiechers*, 94 App. Div. 19; affd., 179 N. Y. 459; *People* v. *Coney Island Jockey Club*, 68 Misc. Rep. 302, 304; *People* v. *Thorn*, 21 Misc. Rep. 130, 131; *People* v. *McKane*, 7 Misc. Rep. 478; *People* v. *Wicks*, 11 App. Div. 539; *People* v. *Rose*, 101 Misc. Rep. 650.) The doctrine has not been free from criticism, however. (*People* v. *Petersen*, 60 App. Div. 118; *People* v. *Rathbun*, 44 Misc. Rep. 88; *People* v. *Willis*, 24 Misc. Rep. 537; *People* v. *Palmisano*, 132 Misc. Rep. 244; *People* v. *Dunbar Contracting Co.*, 82 Misc. Rep. 174.) It is asserted by the respondents that this court in *Elkin* v. *People* (28 N. Y. 177); *People ex rel. Lawrence* v. *Brady* (56 N. Y. 182), and *People* v. *Wiechers* (179 N. Y. 459) has expressly approved the rule as stated in *Lambert* v. *People* (*supra*).

We do not so understand those cases. In the *Elkins* case the defendant was indicted and convicted of a conspiracy to cause one Laube to be arrested for the crime of larceny. The conspiracy consisted in procuring Westendorff to make a complaint against Laube and falsely swear to the larceny charge. It was urged that the conspiracy charge against the defendant was merged in the felony of subornation of perjury. This court held that the facts did not establish that the defendant had committed the crime of subornation of perjury and, therefore, that there could be no merger of the misdemeanor in a felony. The opinion did not hold or intimate that if the evidence had established that the defendant had committed the crime of subornation of

perjury, the misdemeanor of conspiracy would have merged in the felony.

The *Lawrence* case was an appeal by the relator from a judgment dismissing a writ of habeas corpus. The case only holds that in a complaint charging one with the crime of conspiracy to defraud it is necessary to set out the means by which the fraud was effected. In so deciding the opinion cited the case of *Lambert* v. *People*, and stated that it decided that question, and expressly approved the decision upon that point only. The opinion does not refer to the question of merger which was discussed in the *Lambert* case.

In *People* v. *Wiechers* the opinion in the Appellate Division (94 App. Div. 19) indicates that if the decision had so required the court would have held that the crime of conspiracy was merged in the consummated crime of obtaining money by false pretenses. The decision, however, went upon the ground that the indictment charged an unexecuted conspiracy and was, therefore, legal. This court held that the question of the validity of the indictment could not be passed upon in this court as it was not properly raised. One judge dissented upon the ground that this court had jurisdiction to pass upon the question upon the record as presented. The court did not directly or indirectly pass upon the question of merger.

Under the early common law of England it was held that where, in an indictment for a misdemeanor, facts were set out showing the commission of a felony, the indictment should be dismissed as the misdemeanor merged in the felony. This was on the theory that when the lesser offense met the greater, the lesser was absorbed or sank into the greater. The same principle applied where upon the trial of a misdemeanor the evidence established the commission of a felony. The principle followed by the English courts was based upon the distinction which then existed between a misdemeanor and

a felony. It was not deemed advisable to intrust the prosecutor with authority to prosecute either charge at his discretion, as the trial of a felony differed greatly from a trial for a misdemeanor. In a trial for a felony the defendant was not entitled to counsel, and the right to challenge jurors and to a copy of the indictment were limited. It was also held that the King was entitled to a conviction of felony with its attendant forfeiture. (*Rex* v. *Westbeer*, 1 Leach's Crown Law, 14; 2 Strange, 1133; *Rex* v. *Parry*, 7 Carr. & P. 836; 32 Eng. C. L. 898; *Rex* v. *Doran*, 2 Leach's Crown Law, 608; *State* v. *Setter*, 57 Conn. 461; *Graff* v. *People*, 208 Ill. 312.)

As early as 1809 the question came before the Supreme Court of Massachusetts, in the case of *Commonwealth* v. *Kingsbury* (5 Mass. 106). The counsel for the defendant cited English cases which supported the doctrine of merger. The court followed the reasoning of those cases and held that the misdemeanor of conspiracy charged in the indictment was merged in the consummated crime. That case was cited in the opinion of Senator SPENCER, delivered in the case of *Lambert* v. *People* (*supra*), and its reasoning adopted. The basis of both decisions, therefore, was the early English common-law decisions, which were founded upon conditions which have long since ceased to exist. Nevertheless, opinions in different State courts continue to cite those opinions as authority for the proposition that a misdemeanor is merged in a felony. The reason for the rule having disappeared, the rule itself should be abrogated unless it can be justified upon other grounds. The Massachusetts courts have abandoned the rule, and now hold that " The fact that the defendant has been guilty of a higher offence than that alleged is no defense." (*Commonwealth* v. *Walker*, 108 Mass. 309.) " It is not open to them [defendants] to object that they are not indicted for the greater offence." (*Commonwealth* v. *Andrews*, 132 Mass. 263.) " The offense of conspiracy was not merged in the specific

crimes afterwards committed in pursuance thereof, although the conspiracy was only a misdemeanor and the subsequent crimes were felonies." (*Commonwealth* v. *Stuart*, 207 Mass, 563; *Commonwealth* v. *Marsino*, 252 Mass. 224.)

The Federal courts hold that a conspiracy to commit a crime constitues a distinct offense, different from the consummated crime, and is not merged therein. (*United States* v. *Rabinowich*, 238 U. S. 78.)

Section 37 of the Federal Criminal Code (U. S. Code Anno. tit. 18, § 88) makes conspiracy a felony, and the doctrine that the lesser crime merges in the greater is not applicable in the Federal courts. Nevertheless, the United States Supreme Court holds that the conspiracy and the offense which the conspiracy contemplates are entirely separate and distinct offenses.

In New Jersey an indictment for a conspiracy to falsely charge a person with an offense and procure his arrest therefor, is good, although the indictment alleges that the conspiracy was executed. (*Johnson* v. *State*, 26 N. J. L. 313.)

We are not unmindful of the fact that contra decisions exist in some jurisdictions. The cases from many jurisdictions are collated in Clark & Marshall on Crimes ([3d ed.] § 6); Bishop on Criminal Law ([9th ed.] vol. 1, § 814); Wharton's Criminal Procedure ([10th ed.] vol. 2, § 1395), and 12 Corpus Juris (p. 580). Those decisions are based on the doctrine announced in the early English decisions, which has been superseded in that jurisdiction. (*Reg.* v. *Button*, 11 Q. B. 929; The Jurist, vol. 12, part 1, p. 1017; 9 Halsbury's Laws of England, p. 262; *Rex* v. *Luberg*, 135 Law Times, 414.)

The same act may involve different offenses, felonies and misdemeanors. Robbery includes larceny, and if one breaks and enters a dwelling with intent to steal and does so, there is committed both burglary and larceny. It would be unfortunate if the State could not prosecute

for any one of the crimes committed, without regard to the question of whether a lesser crime had merged in a greater. It often happens that it is possible to convict for the lesser crime when it would be impossible to convict for the greater. It is the duty of the prosecuting officers to select the charge which it is advisable to bring against the offender. It must be presumed that they will act honestly and with the view of properly enforcing the criminal law. The offender cannot complain if he is charged with the minor offense instead of the higher one. He has no right to insist that he be prosecuted for the higher crime against which he may have or think he has a perfect defense. (*Commonwealth* v. *Andrews*, *supra.*)

A conspiracy to commit a felony constitutes an independent crime, distinct from the felony contemplated, and complete in itself. It consists of a series of acts which constitute the misdemeanor, and under such circumstances the fact that the indictment alleges overt acts constituting a felony, or that the evidence upon a trial discloses that the conspiracy was executed by the commission of a felony, should not prevent a conviction for the crime of conspiracy. (*Reg.* v. *Button, supra;* *Elkin* v. *People*, 24 How. Pr. 272; affd., 28 N. Y. 177.)

The crime of conspiracy to defraud is quite different than the crime of assault with intent to commit a felony, in which the very act constituting the assault may also constitute the felony.

When an indictment which charges a conspiracy alleges overt acts which constitute a felony, if the defendant, upon his own motion, could secure a dismissal of the indictment upon the ground of merger, and force an indictment for the felony alleged, the prosecuting officer might not be able at the trial to produce sufficient evidence of the defendant's guilt of the felony to lead to a conviction. The result might be that the defendant would escape all punishment, although clearly guilty of the crime of

conspiracy. Such results were brought about under the merger rule in England. (*Reg.* v. *Button, supra.*)

The merger rule to a certain extent deprives the public prosecutor of the right to determine upon what charge a defendant shall be tried, and vests that right in the defendant.

In an indictment for conspiracy it is necessary to allege overt acts (Penal Law, § 583) but upon the trial it is not necessary to prove all overt acts alleged. (*People* v. *Weichers, supra; People* v. *Suffolk Contracting Co.,* 171 App. Div. 645.) The crime of conspiracy does not consist of both the conspiracy and the acts done in carrying it out but of the conspiracy alone. (*People* v. *Willis,* 34 App. Div. 203; affd., 158 N. Y. 392; *People* v. *Sheldon,* 139 N. Y. 251; *Elkin* v. *People,* 24 How. Pr. 272; affd., 28 N. Y. 177.) The overt acts alleged need not necessarily constitute the crime which is the object of the conspiracy. (*United States* v. *Rabinowich, supra.*) The overt acts, alleged in an indictment, which constitute a felony may, upon the trial, become immaterial, or the prosecution may be unable to establish them on account of the death or absence of a material witness, insufficient evidence or for various other reasons. Nevertheless, there may be a conviction if some overt act charged is established. In such a case the offender can be punished for the crime of conspiracy.

On the other hand, if the indictment for conspiracy must be dismissed because the overt acts alleged constitute felonies, and a new indictment secured for the felonies, a failure of proof for any reason to establish the felonies charged may result in the offender going free.

If upon a trial under an indictment charging a conspiracy, the trial court should become satisfied that the evidence established that a felony had been committed and thereupon dismissed the indictment for a conspiracy there could be no assurance that the same evidence upon

a trial of the felony charge would satisfy a jury, beyond a reasonable doubt, of the defendant's guilt of the commission of the felony, although it might be perfectly clear that he should be convicted of the conspiracy.

Or, upon the trial for the felony, there might be for some reason a failure of proof. The result might be that although clearly guilty of conspiracy the offender would escape all punishment because of the application of the doctrine of merger.

In an exhaustive note to the case of *Sneed* v. *United States* (37 A. L. R. 772) many cases are collated, an examination of which discloses that the doctrine of merger no longer exists in most jurisdictions.

In the case at bar the conspiracy alleged is a crime and not an essential part of the felonies to accomplish which it was entered into. Under such circumstances the crime of conspiracy does not merge in the felonies described in the allegations of overt acts.

Even where the crime charged as a misdemeanor necessarily includes a felony, as in assault with intent to commit a felony, we deem it best to leave the question as to what charge shall be alleged in the indictment to the prosecuting officer who is vested with that discretion by the People, rather than to lay down an arbitrary rule that a misdemeanor in all such cases is merged in the felony. Since the abolition of the distinction existing under the early English common law between the procedure upon the trial of a felony and of a misdemeanor there remains no valid ground upon which to rest the ancient doctrine of merger.

We have examined the other questions raised by the respondents but find no sufficient reason for sustaining the demurrers to the indictment.

The judgment of the Appellate Division and that of the trial court should be reversed, and the demurrers overruled.

LEHMAN, J. (concurring in result). The rule that the misdemeanor of conspiracy is merged in a felony committed in pursuance of the conspiracy is founded upon technical considerations that are now obsolete. Since the rule now serves no useful purpose and tends to obstruct justice, it should be abandoned. The question still remains whether that abandonment should be decreed by the Legislature or the courts.

Crimes are defined by the Penal Law. The courts may not enlarge the definition formulated by the Legislature. When the definition of conspiracy was formulated by the Legislature the rule that a misdemeanor was merged in a felony, committed in pursuance thereof, had the effect of making the conspiracy merely a step in the consummated felony. It was not a separate and distinct crime. It may be that when the rule of merger is abandoned, the legislative definition of the crime of conspiracy is wide enough to make the conspiracy a separate and distinct crime. That question is not now before us, unless abandonment of the rule of merger must be founded upon a determination that a conspiracy is a separate and distinct crime from the crime which was the purpose of the conspiracy.

An attempt to commit a crime is concededly not separate and distinct from the consummated crime. No one would contend that there might be trial and conviction of an attempt to commit a crime after a conviction for the consummated crime. Nevertheless, the Legislature has provided that there should be no merger of attempt to commit a crime in the consummated crime. (See Penal Law, art. 22.) There may be a conviction of the lesser crime, though the proof may show that a greater crime has been accomplished.

A conspiracy to accomplish certain specified wrongful ends is a crime though these ends may be other than to commit a crime. (Penal Law, § 580.) There, certainly, the crime of the conspiracy is separate and distinct from

a consummated crime committed merely as an overt act or step in accomplishing the purpose of the conspiracy. So, too, a conspiracy to commit one crime is by its nature and definition separate and distinct from another and different crime accomplished in the course of the conspiracy. There, abandonment of the rule of merger and of crime is not complicated by any question of whether the conspiracy and the consummated crime are separate and distinct crimes.

In such cases it is plain that the rule of merger of the conspiracy in a felony accomplished in its course was in no manner founded upon any view that the conspiracy was not separate and distinct from the felony. The rule may be abandoned in a case where the consummated crime represents the accomplishment of the conspiracy itself, though in such case we should assume that the Legislature did not intend to define the conspiracy as a separate and distinct crime. Even then, reason would point to the abandonment of the outworn rule. Then the conspiracy would be analogous to a lesser degree of the consummated crime, and should be treated accordingly. Allegation or proof of consummated crime might then be given the same effect as the Legislature has indicated in its formulation of the rules governing prosecution for an attempt to commit a crime. Whether the Legislature intended that a conspiracy and its successful accomplishment might, if the obstacle of the rule of merger is removed by the courts, be punished as separate and distinct crimes, is not now before us. I concur with the majority of the court in the result of the opinion, but in the result only if the opinion is to be construed as holding that the crimes are separate and distinct.

CARDOZO, Ch. J., POUND, CRANE and O'BRIEN, JJ., concur with HUBBS, J.; LEHMAN, J., concurs in result in separate opinion in which KELLOGG, J., concurs.

Judgments reversed, etc.