THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES MEEHAN and Others, Defendants.

County Court, Nassau County, December 22, 1931.

*Elvin N. Edwards, District Attorney* [*Philip Huntington* of counsel], for the People.

*John R. Niesley,* for the defendants.

BONYNGE, J. The defendants demur to an indictment in the so-called simplified form which charges them with "conspiracy to commit a crime, contrary to Penal Law, section 580, subdivision 1." The indicated subdivision consists of four words reading "To commit a crime." Of what offense do the defendants stand accused? Did they contemplate an affair with a neighbor's wife (Penal Law, § 101), or did they pass a stoplight or swing wide at a turn (Vehicle & Traffic Law, § 58 *et seq.*), or did they unwittingly disturb a funeral (Penal Law, § 2220), or is their alleged wrongdoing buried in some musty and well-nigh forgotten statute? A form of indictment better contrived to trap the unwary or even to

baffle the initiated could not well be pictured. The word simplified scarcely does it justice. It might with more reason be denominated a cubist indictment, since, like the paintings of that cult, it is devoid of both form and meaning.

Such an indictment possesses dangerous potentialities of chicane and fraud. The grand jury which returned it has now dispersed. Assume, for example, that the evidence submitted to it tended to show that these defendants conspired to commit a robbery or some other grave felony. The minutes of its proceedings are held inviolate, and an inspection of them is permitted only in rare instances. If it should be that the prosecuting attorney was a zealot or a crusader motivated by his abhorrence of some particular offense, it would be entirely within his power to serve a bill of particulars, if one were demanded, bearing not the slightest resemblance to the facts considered by the grand jury. Thus the defendants would be tried and possibly convicted of an offense for which they were never indicted. The liberty of the individual is entirely too precious a possession to be placed in any such jeopardy.

To sustain the present indictment, the People rely upon the recent decisions of the Court of Appeals in *People* v. *Tavormina* (257 N. Y. 84) and *People* v. *Bogdanoff* (254 id. 16, 19). In the *Tavormina* case, the court held that a conspiracy to commit a felony constitutes an independent crime, distinct from the ultimate felony contemplated by the wrongdoers. At no point in its opinion, however, does the court question that the intent to commit the ultimate felony is a necessary ingredient of the crime of conspiracy; nor is there any suggestion that a conspiracy to commit an unnamed crime would constitute an indictable offense. In the *Bogdanoff* case, the court, by a vote of four to three, sustained a conviction of murder under a simplified indictment charging " murder in the first degree contrary to Penal Law, section 1044." Judge CRANE wrote a strong and persuasive dissenting opinion. The case is readily distinguishable from the one at bar. As a rule, a man has only a limited number of murders on his conscience, and hence to charge him with that offense is to apprise him rather definitely of what is in the wind. No such situation is presented here. With forty-eight State Legislatures and Congress busily engaged in fashioning new offenses, defendants charged with conspiracy to commit an unnamed crime may well stand in doubt and wonderment. Again, in the *Bogdanoff* case, the defendants were appealing from a judgment of conviction. The record was made, and effectually barred the possibility of a second prosecution for the same offense, where as here the defendants are wholly uninformed of the

nature of their alleged wrongdoing and are challenging the indictment at the very threshold of the proceeding. In writing the prevailing opinion in the case under discussion, Judge LEHMAN cautiously observed that, although the judgment of conviction was being affirmed, this " may not be regarded as a judicial approval of the form of indictment used." And in the succeeding sentence he emphasized the warning by saying, " It is sufficient here; it might prove insufficient in any case where doubt as to its meaning could exist " (254 N. Y. 32).

The result doubtless already foreshadowed, is strengthened by additional considerations. Several generations ago the cumbersome forms of common-law pleading were abolished in New York in favor of terse statements of the facts constituting cause of action or defense. This step in the direction of simplification has never resulted in the intentional upholding of a bad complaint, nor in a ruling that its inadequacy could be eked out by a bill of particulars. At a later date the prolixity of conveyancers led to the adoption of simplified statutory forms of deeds and mortgages. But these instruments have still retained their essential characteristics, and to this day a deed must name the parties, the consideration, the agreed covenants, and set forth an adequate description of the property to be conveyed.

The prime purposes of an indictment are to apprise the defendant of the crime charged, and to bar the possibility of a second prosecution for the same offense. These rights are guaranteed to accused persons by both Federal and State Constitutions, they constitute the very essence of liberty, and should not be permitted to be whittled down by visionary faddists. The argument advanced by the People that the defendants at bar can obtain the same result by demanding a bill of particulars is not convincing. The law vouchsafes them an adequate statement by the grand jury of their alleged wrongdoing, and they cannot be forced to accept a substitute. The merchant may yet persuade his customer that another article is just as good as the one demanded, but the wiles of the market place are ill suited to the nice adjustment of problems involving human life and liberty.

The demurrer is sustained.