SOPHIE GRYTA, Respondent, v. AGNES B. WINTER, GRACE A. WINTER, Appellants, and JOSEPH WEGRZYN, Defendant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event, on the ground that the verdict is against the weight of the evidence. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of MABELLE CALDWELL and KATHRYN DOWD, Respondents, for an Order Pursuant to Article 78 of the Civil Practice Act, against BOARD OF SUPERVISORS OF THE COUNTY OF ERIE and Others, Appellants, GRACE REAVY and Others, as and Constituting the Civil Service Commission of the State of New York, Respondents.— Order affirmed, without costs. All concur. (The order denies defendants' motion to dismiss the amended petition in a proceeding to compel defendants to restore petitioners' salary to $2,100 per year.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES HENDERSON and ANGELO CIRRITO, Appellants.— Judgment of conviction affirmed, Memorandum: Our examination of the record convinces us that the defendants' guilt was established beyond a reasonable doubt. We find no prejudicial errors of law. There was no merger of the offenses charged in the indictment. (See *People v. Tavormina*, 257 N. Y. 84.) All concur, except Harris, J., who dissents and votes for reversal and a new trial in the following memorandum: The exclusion of the testimony in reference to the union contracts and in reference to the alleged bias of certain of the People's witnesses, and certain errors in the charge which were not properly corrected, were sufficiently prejudicial to the rights of the defendants to call for reversal of the judgment of conviction and for a new trial. (The judgment convicts defendants of the crimes of conspiracy and assault, third degree.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

JESSIE H. NORTON, as Administratrix with the Will Annexed of the Estate of JENNIE M. TYLER, Respondent, v. CHARLES L. DAVIES, Individually and as Administrator, etc., of ELIZA T. DAVIES, Appellant, and Others, Defendants.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in an action to set aside transfers of realty in fraud of creditors.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Estate of WILLIAM H. DUNN, Deceased.— Decree affirmed, without costs. New finding of fact made. Memorandum: This matter being before us to be considered *de novo* (Surr. Ct. Act, § 309), we find on this record that the executor was not guilty of any negligence or bad faith in the handling of the estate and that the surrogate was correct in dismissing the objections to the accounts of the executor. All concur, except Harris, J., who dissents and votes for reversal and granting a new trial in the following memorandum: The proof below raises a question of fact as to whether or not in the exercise of prudence the respondent should have sold certain assets of the estate during the first seven months of administration. The court below did not pass on this question of fact but determined as a matter of law that such proof did not establish a ground for surcharge. The decree from which appeal is taken should be reversed and a new trial granted on the question of fact herein indicated. (The decree judicially settles the accounts of an executor.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.